**In re Omar Lee BROWN, Debtor.**

**Bankruptcy No. 81–00788.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

Oct. 1, 1981.

**438**

Samuel G. Bolotin, Toledo, Ohio, for debtor.

Charles T. McGinnis, III, Toledo, Ohio, for Toledo Teamsters Federal Credit Union.

Anthony B. DiSalle, Toledo, Ohio, Trustee in Bankruptcy.

## MEMORANDUM AND ORDER DENY- ING DEBTOR'S MOTION TO DIS- QUALIFY ADVERSE COUNSEL

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon Debtor's Motion to disqualify the law firm of Gallon, Kalniz & Iorio Co., L.P.A., counsel for the Teamsters Federal Credit Union, a creditor and interested party herein. The Court finding the Debtor has failed to sustain his burden of proving any present or past attorney-client relationship between Debtor and adverse counsel, there are no grounds for finding a violation of Disciplinary Rules 5–105 and 5–107 or for applying the "substantial relation" test to determine if adverse counsel should be disqualified.

This case involves Debtor's proposed plan of adjustment of debts filed on May 14, 1981 under Chapter 13 of the Bankruptcy Code. On May 19, 1981, the Teamsters Federal Credit Union (TFCU) filed a proof of claim in this matter as a secured creditor. On June 15, 1981, TFCU filed an Objection to confirmation of Debtor's Chapter 13 Plan.

The law firm of Gallon, Kalniz & Iorio Co., L.P.A. (Gallon) represents the creditor, TFCU, as counsel in both the filing of the proof of claim and in the objection to the confirmation of the Plan. Gallon also acts as counsel for the Teamsters Local 20 Legal Defense Fund (Defense Fund) who, although not involved as a party in the present action, is required to provide legal assistance benefits to eligible beneficiaries for covered benefits under the Defense Fund Plan.

It is Debtor's contention that, as a dues paying member of Teamsters Local 20, he is entitled to legal assistance from the Defense Fund in this matter and that, consequently, there is a direct violation of certain

disciplinary rules of the Supreme Court of Ohio in Gallon representing TFCU on the one hand, and being obligated to represent Debtor in the present matter on the other. Furthermore, at the hearing scheduled on Debtor's Motion to disqualify Gallon, Debtor's counsel indicated Debtor's willingness, and indeed desire, to utilize what he feels are his rights to benefits under the Defense Fund Plan to pursue his Chapter 13 Plan, but for his perceived apprehensions regarding Gallon's alleged conflict of interest.

Debtor's counsel submitted no evidence in proof of his version of the circumstances underlying this dispute, nor did Gallon, TFCU's/creditor's counsel, introduce any evidence in rebuttal. This Court if forced to decide this matter, which has apparently resulted in Debtor filing a grievance with the Ethics Committee of the local Bar Association, upon the representations of counsel in the original motion and response thereto, and upon the "facts" not in dispute as gathered from counsels' oral argument at the "hearing" on Debtor's motion.

Initially, it is to be noted that while Debtor is alleging that Gallon has violated certain Disciplinary Rules of the Supreme Court of Ohio, this Court is aware of no local rule or other controlling authority requiring a Federal Court in the Northern District of Ohio to base its decisions regarding control of the conduct of members of the practicing federal bar upon the Ohio Court's rules of practice. The apparent anomaly in Debtor's citation to the rules is obviated under the present circumstances, however, by the conformity of the Ohio Rules involved to the identical provisions of the American Bar Association's Code of Professional Responsibility, to which the Federal Courts have frequently sought guidance in questions of this nature. See E. g., *Brennan's Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir. 1979).

In any case, Debtor's motion is brought pursuant to Disciplinary Rules 5–105 and 5–107 which are based upon Canon 5 of the Code of Professional Responsibility which provides that "[a] lawyer should exercise independent professional judgment on behalf of his client."

DR5–105 provides in relevant part that:

(A) A Lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or it would be likely to involve him in representing differing interests, except to the extent permitted under DR5–105(C) . . .

(C) . . . a lawyer may represent multiple clients if it is obvious that he can adequately represent the interests of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

DR5–107 provides in relevant part that:

(A) Except with the consent of his client after full disclosure a lawyer shall not:

1) Accept compensation for his legal services from one other than his client.

2) Accept from one other than his client any thing of value related to his representation of or his employment by his client.

(B) A lawyer shall not permit a person who recommends, employs, or pays him to render legal services for another to direct or regulate his professional judgment in rendering such legal services.

What Debtor is attempting to prove in referring to the above listed rules is that Gallon, while acting in behalf of TFCU, is or is likely to involve itself in representing unavoidably conflicting interests since, as Debtor alleges, Gallon is obligated to represent Debtor in the present action. In opposition, TFCU responds that Gallon, as counsel for the Defense Fund, is only obligated to represent Debtor as a beneficiary under the Defense Fund Plan if and when Debtor, as a dues paying member, contacts the Legal Defense Fund in need of legal assistance and if his case is found to be a covered benefit not otherwise excluded. Alternatively, TFCU argues that even if Debtor contacted the Defense Fund seeking

assistance, coverage under the present circumstances is excluded.

 As has previously been noted, Debtor has presented no evidence in the form of testimony, documents, affidavits, or otherwise, to support his version of the circumstances underlying this dispute. The burden is upon the party seeking to have opposing counsel disqualified to show that counsel's continuing in the case would violate the disciplinary rules. *Zions First National Bank v. United Health Clubs, Inc.*, 505 F.Supp. 138, 140 (E.D.Pa.1981); See *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978); *Fred Weber, Inc. v. Shell Oil Co.*, 566 F.2d 602, 608 n. 7 (8th Cir. 1977), cert. denied 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978). In the complete absence of any evidence demonstrating the Defense Funds' duty to represent Debtor, Debtor has failed to meet its burden of showing a violation of the Disciplinary Rules. Moreover, even if Debtor were to contact the Defense Fund seeking assistance, as his counsel indicates he is desirous of doing, there appears to be a genuine dispute between the parties regarding the question whether legal services, under the present circumstances, are an exclusion from coverage.

Also, during oral argument on Debtor's motion, Debtor's counsel indicated that, as an alternative ground for disqualifying adverse counsel, Gallon may have undertaken some legal work for Debtor in the past such as the drafting of a will for Debtor and his wife and that, as its former client, Gallon cannot now undertake an action against Debtor since there may have been disclosure of certain confidential information that Gallon would use against its former client and that, in any event, for Gallon to now represent its former client would give the appearance of impropriety in violation of Canon 9 of the Code of Professional Responsibility.

██ Generally, a former client seeking to disqualify an attorney who appears on behalf of his adversary need only show that the matters embraced within the pending suit are "substantially related" to the matters or cause of action of the previous representation. See E. g., *General Electric Co. v. Valeron Corp.*, 608 F.2d 265 (6th Cir. 1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980); *Church of Scientology of California v. McLean*, 615 F.2d 691 (5th Cir. 1980); *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706 (7th Cir. 1976). This rule rests upon the presumption that confidences potentially damaging to the client have been disclosed to the attorney during the former period of representation. *Brennan's Inc. v. Brennan's Restaurants, Inc.* 590 F.2d 168, 171 (5th Cir. 1979).

██ It is incumbent on the party who seeks to disqualify opposing counsel as a violation of his duties of loyalty and confidentiality to show that the attorney-client relationship exists or has existed during a current or earlier representation. See E. g., *Fred Weber Inc. v. Shell Oil Co.*, 566 F.2d 602 (8th Cir. 1977), cert. denied, 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978).

██ Whatever the precise standard for determining the existence of the attorney-client relationship may be, under the facts of this case, where no evidence has been submitted to substantiate counsel's representation that an attorney-client relationship exists or has ever existed, this Court will not undertake to determine if any "substantial relationship" requiring disqualification exists. Indeed, Gallon, through associate counsel, firmly denies any previous representation of Debtor.

Debtor having failed to meet its burden to prove circumstances justifying disqualification of TFCU's counsel, it is therefore,

ORDERED that Debtor's Motion to disqualify the law firm of Gallon, Kalniz & Iorio Co., L.P.A., or its associate acting in this case, Charles T. McGinnis, III be, and hereby is overruled.