**In re TAYLOR TRANSPORT, INC., Debtor.**

**Bankruptcy No. 82–01675.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 30, 1983.

Jeffrey P. White, William L. Needler &
Associates Ltd., Chicago, Ill., for debtor in
possession.

## ORDER DENYING MOTION FOR RE-CONSIDERATION AND DISQUALI-FYING COUNSEL

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the motion of William L. Needler and Associates, Ltd. (Movants), for reconsideration of this Court's Order of January 25, 1983 dismissing this Chapter 11 proceeding and certain applications for fees and expenses. The motion is not well taken and is denied.

Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 10, 1982. On August 13, 1982 the Court entered an order approving the application of Movants to act as counsel for Debtor in these Chapter 11 proceedings. Movants at all times relevant hereto have been, and remain to be, counsel of record for Debtor in this case both pre and post dismissal.

On December 10, 1982 Debtor filed its motion to dismiss this Chapter 11 proceeding citing the transfer of 100% of the outstanding shares of Taylor Transport, Inc. to a new purchaser and an apparent agreement between Debtor and its major creditors as to how their obligations will be satisfied outside this Chapter 11 proceeding as sufficient "cause" pursuant to 11 U.S.C. § 1112(b) to dismiss the case. Movants filed objections to the dismissal on January 3, 1983 arguing that, instead of being dismissed, this case should be converted to a case under Chapter 7 of the Bankruptcy Code since dismissal would result in Movants' loss of an asserted administrative expense priority claim pursuant to 11 U.S.C. § 507(a)(1) and 503(b)(2) for their attorneys' fees while acting as counsel for Debtor.

In its January 25, 1983 order granting Debtor's motion to dismiss, the Court found that Movant was not a creditor pursuant to 11 U.S.C. § 101(9) and that, in the absence of any objections to the dismissal on behalf of any of the creditors or other parties in interest, after proper notice to all creditors and parties in interest, dismissal was "in the best interest of creditors and the estate" pursuant to 11 U.S.C. § 1112(b) and should be granted. Alternatively, the Court found dismissal to be appropriate under 11 U.S.C. § 305(a)(1) since the Debtor was apparently attempting to work out an out of court arrangement with its creditors, which the legislative history of § 305 makes clear is an appropriate circumstance justifying dismissal under that section.

In their motion for reconsideration Movants argue that they are a "party in interest" in these proceedings and that the Court's failure to grant them a hearing on their objections to dismissal constitutes a violation of their due process rights under the United States Constitution. Alternatively, Movants assert that as attorneys and officers of the court they should have standing similar to that of a United States trustee under 28 U.S.C. §§ 581–589 to act as a watchdog over debtor activities and to prevent administrative insolvencies. Finally, Movants, by virtue of their asserted entitlement to an administrative expense priority for their attorneys' fees, claim a direct or pecuniary interest in the subject matter of the action and therefore argue that the Court can and should grant them permissive intervention under Rule 10–210(b) of the Bankruptcy Rules. As discussed below, the Court rejects all of the above arguments and, in addition, feels constrained to address a very serious question as to the propriety of Movants' motion under the American Bar Association's Code of Professional Responsibility.

Movants' assertion that the Court's failure to grant them a hearing on their objection to dismissal is a violation of their due process rights is premised upon their assertion that they are or should be accorded "party in interest" status under the Bankruptcy Code. Under § 1112(b) the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case may be initiated "on request of a party in interest, and after notice and a hearing". Dismissal or suspension under § 305 of the Bankruptcy Code, also subject to the notice and hearing requirements of 11 U.S.C. § 102(1), should similarly be at the request

of a party in interest or, in appropriate circumstances, *sua sponte*. *See In re Odom Enterprises, Inc.*, 22 B.R. 785, 9 B.D.C. 704 (Bkrtcy.E.D.Ark.1982).

■ "Party in interest" is not defined by any provision of the Bankruptcy Code. Section 1109(b) of the Bankruptcy Code, however, accords certain entities a right to be heard in a case under Chapter 11: "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." Notwithstanding § 1109(b)'s inclusion of the above entities as parties in interest, since Movants are not included in such categories and since "including" under § 102(3) is not a limiting term, the Court must determine whether, for the purposes of this proceeding, Movants should be accorded "party in interest" status. It should at this point be noted that although the Court in its January 25, 1983 dismissal order determined that Movants did not meet the definition of "creditor" found in § 101(9), in an apparent attempt to confer creditor status upon themselves, Movants have on February 9, 1983 filed a proof of claim for its attorneys' fees. This, however, is contrary to normal practice of making a "request" for payment of attorneys' fees as an administrative expense under §§ 330(a) and 503(b)(2), *see In re Parker,* 21 B.R. 692, 9 B.C.D. 303 (D.C.E.D.Tenn.1982), and will not, for present purposes, be deemed to grant them creditor status.

■ Under the circumstances of this case it is the Court's conclusion that Movants are neither parties in interest nor entitled to permissive intervention under Bankruptcy Rule 10–210(b). First, Movants' interest, if there be any, is not vested but contingent. "Absent compliance with the Code or Rules, there is no right to compensation". 2 *Collier on Bankruptcy* ¶ 330.03[1] at 330–5 (15th Ed.1982) and accompanying footnote.

Movants were given authority to act as counsel for debtor in possession on August 13, 1982 after application was filed with the Court, upon the Court's finding that they did not hold or represent an interest adverse to the estate, and that they were disinterested persons. 11 U.S.C. § 327(a). Having once qualified to serve as professional persons their compensation, if any, is limited, in the Court's discretion, by the terms of 11 U.S.C. § 330(a) governing compensation of officers which provides:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

The Court has made no determination of Movants' entitlement to compensation under the above provision and, until such time as any compensation is so approved, Movants have no independent right to compensation under the Bankruptcy Code. Having no vested right to attorneys' fees until court allowance of such fees, Movants should be denied "party in interest" status for purposes of objection to dismissal.

Furthermore, considering Movants' conduct in representing this Debtor in Possession, a question has been created as to whether they might be denied any allowance of compensation under 11 U.S.C. § 328(c) which provides, with exceptions not herein relevant, that

[T]he court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this

title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

Movants' conduct in going on record in opposition to Debtor's motion to dismiss while still counsel of record for Debtor raises disturbing questions as to whether or not they are disinterested persons or whether they hold or represent an interest adverse to the estate. More specifically, under § 101(13)(E), it seems that Movants are not disinterested persons since, by their opposition to dismissal while counsel of record, they may have "an interest materially adverse to the interest of the estate ... by reason of [a] direct or indirect relationship to ... debtor".

■ Further, Movants conduct in opposing Debtor's dismissal of their Chapter 11 proceeding while counsel of record for Debtor may constitute a violation of Canon 7 of the American Bar Association's Code of Professional Responsibility and related Disciplinary Rule 7–101. The Canons, which express "in general terms the standards of professional conduct expected of lawyers in their relationship with the public, with the legal system, and with the legal profession", see Preliminary Statement, Code of Professional responsibility, and the Disciplinary Rules, which "state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action", *Id.,* are frequently looked to by the federal courts for guidance in matters regarding the conduct of the federal bar in the absence of local rule or other authority requiring the application of the Code of Professional Responsibility of the forum state. *See In re Brown,* 14 B.R. 437, 439 (Bkrtcy.N.D.Ohio 1981).

Canon 7 provides that "[a] lawyer should represent a client zealously within the bounds of the law". Disciplinary Rule 7–101(A)(3) provides, with exceptions not herein relevant that a lawyer shall not intentionally "prejudice or damage his client during the course of the professional relationship".

■ Movants' conduct referred to above directly attempts to prejudice or damage their client during the course of their professional relationship and, therefore, the Court finds a prima facie violation of Disciplinary Rule 7–101(A)(3). Although not finally determinative of the ultimate sanctions, if any, which might be imposed on Movants for violation of this rule, the finding sheds further doubt upon the compensibility of Movants' request for attorneys fees under the Bankruptcy Code, *see In re Smith,* 5 B.R. 92, 6 B.C.D. 506 (Bkrtcy.D.C. 1980), and, resultingly, upon any "party in interest" status deriving therefrom.

■ The same conduct militates against any permissive grant of intervention to Movants under Bankruptcy Rule 10–210(b). Movants thus contend that non statutory intervention as of right may be granted where the applicant demonstrates a direct or pecuniary interest in the subject matter of the action. Assuming, arguendo, that they are correct in such assertion, the impropriety of their continued representation of Debtor in this matter is ever more convincingly demonstrated. In any event, permissive intervention under Rule 10–210(b) is specifically denied in the exercise of this Court's sound discretion.

■ Finally, the Court is aware of no authority which supports Movants' assertion that, as officers of the Court, they should somehow then be entitled to take on some watchdog status similar to that of a United States trustee in a pilot district established pursuant to 28 U.S.C. § 581(a). In the non-pilot districts this function should normally be performed as the indirect consequence of the Court's resolution of adversarial proceedings or other contested motions. Attorneys, as a general rule, are best advised to promote the interests of their particular client within the bounds of the law.

■ In sum, there are no grounds granting Movants "party in interest" status

in this case either of right, permissively under Bankruptcy Rule 10–210(b), or through any desire to take on the role of a United States trustee. As a result, the Court, by failing to grant them a hearing on their objections to dismissal, has deprived them of no due process rights they are entitled to under the United States Constitution, and their motion for reconsideration on those grounds should be denied. It should be noted, however, that the grounds asserted by Movants in opposition to dismissal, namely the prejudice to them resulting from their loss of an asserted administrative expense priority and the fact that dismissal may cause Movants, as attorneys from outside this district, to have to travel into this district to litigate their claim to attorneys' fees in the state courts of Ohio, even if proven, on balance would not outweigh the "best interests of creditors and the estate" under § 1112(b) or "creditors and the debtor" under § 305(a)(1) and, therefore, the Court's determination of the equities involved in its previous order of January 25, 1983 and the result of that order, namely dismissal, is, in this Court's opinion, indicated in any event. For what it may be worth, however, it does seem appropriate to disqualify Movants from any further participation in this case as counsel for Debtor.

In light of the foregoing, it is hereby,

ORDERED that the motion of William L. Needler and Associates, Ltd. for reconsideration of this Court's order of dismissal of this Chapter 11 proceeding be, and hereby is, overruled. It is further,

ORDERED that William L. Needler and Associates, Ltd. be, and hereby are, disqualified as counsel for Debtor.