**In re SCRAP DISPOSAL, INC., Debtor.**

**BAP No. SC–82–1570–AbAsC.**

**No. 80–01270–M.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued July 14, 1983.

Decided April 30, 1984.

Sandra J. Brower, Deputy County Counsel, County of San Diego, San Diego, Cal., for appellant.

Douglas Jensen, Procopio, Cory, Hargreaves & Savitch, San Diego, Cal., for appellee.

Before ABRAHAMS, ASHLAND and GEORGE, Bankruptcy Judges.

## OPINION

ABRAHAMS, Bankruptcy Judge.

The County of San Diego appeals from an order denying sixth priority for its tax claim.

Because of a dispute as to the meaning of Proposition 13 (Calif. Const. Art XIII A), the County was enjoined by the state courts from issuing its tax bills for the 1978–1979 fiscal year at the proper tax rate. *Board of Supervisors of San Diego County v. Lonergan*, 27 Cal.3d 855, 167 Cal.Rptr. 820, 616 P.2d 802 (1980). At the conclusion of the litigation, the County issued the supplementary bills in issue here for $40,317.40—the difference between the one percent already assessed and the proper rate.[1]

The Chapter 11 petition was filed on May 16, 1980. The supplementary bills were last payable without penalty on December 31, 1981. There is no dispute over the validity or amount of the taxes—only as to the priority to which they are entitled.

## DISCUSSION

The County argues that it is entitled to sixth priority under 11 U.S.C. Section 507(a), which provides:

> The following expenses and claims have priority in the following order: ... (6)

Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—... (B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

Because the petition was filed May 16, 1980, and the tax was last payable without penalty on December 31, 1981, the County argues that the criteria of Subsection (B) are met—one year before the filing date was May 16, 1979, and the tax was payable without penalty after that date.

The trustee objected to the priority on grounds that, if the unpaid tax had been assessed at the normal time, it would not be entitled to priority. The trustee argues that the claim should relate back to the date of the original tax. Because the debtor paid less tax in 1978 than it should have, the trustee contends that the policy underlying 11 U.S.C. Section 507(c), by analogy, should control here. Section 507(c) provides:

> For the purpose of subsection (a) of this section, a claim of a governmental unit arising from an erroneous refund or credit of a tax shall be treated the same as a claim for the tax to which such refund or credit relates.

The trial court agreed with the trustee as does this panel.

Although 11 U.S.C. Section 507(c) speaks only of erroneous refunds or credits, the assessment here is not significantly different. All involve claims that arise from a particular assessment year. The County argues that it was not its "error" that resulted in the improper assessment. Even if this is correct, it is not relevant. The assessment was erroneous regardless of who was at fault.

The County's position is possible only because of a fluke which made the tax

---

1. Under California property tax law, a tax is levied annually for each fiscal year—the period beginning July 1 of a calendar year and ending on June 30 of the next calendar year. Cal. Gov.C. § 13290. The assessment is made as of the first day of March preceding the fiscal year. Cal.Rev. & Tax.C. §§ 118, 2192. Normally the tax involved here is delinquent if not paid by August 31 of the fiscal year. Cal.Rev. & Tax.C. § 2922.

payable without penalty within one year of the Chapter 11 filing date. If the tax had been assessed in the normal manner, the date it would have been last payable without penalty would have been August 31, 1978—outside the one year period.

Although the statute says "after one year before the date of the filing," a review of the legislative history shows that the subsection was meant to cover those property taxes originating within one year of the filing, thus excluding the 1978–1979 taxes at issue here. The House Judiciary Committee, commenting on an earlier version of subsection (B), states:

> Property ... taxes are given a one-year priority. H.R.Rep. No. 95–595, at 358, 95th Cong., 1st Sess. (1979), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6314.

The Senate Judiciary Committee, commenting on its version of subsection (B) states:

> Also covered by this sixth priority are property taxes required to be assessed within 3 years before the filing of the petition. S.Rep. No. 95–989, at 71, 95th Cong.2d Sess. (1978), U.S.Code Cong. & Admin.News p. 5858. [The Senate version allowed 3 years rather than 1.]

Subsection (B), as enacted, represents a compromise between the House and Senate. 124 Cong.Rec. H11047–117 at 11095, (daily ed. Sept. 28, 1978); S17403–34 at 17411, (daily ed. Oct. 6, 1978). Although the wording was changed from "when the tax was assessed" to "when it was last payable without penalty," this change is not significant for our purposes. The present wording is merely a means to grant priority to recent taxes only.

## CONCLUSION

We hold that the purpose of Section 507(a)(6) was to give priority to taxes of recent origin. Thus, although the County's claim involves a tax that on its face appears to comply with the requirements of the section, the tax is for an earlier year and is therefore not entitled to sixth priority. The order sustaining the trustee's objection is AFFIRMED.