**In re BONDI'S VALU–KING, INC., Debtor.**

**Bankruptcy No. B85–00153.**

United States Bankruptcy Court, N.D. Ohio, E.D.

June 30, 1989.

Michael D. Zaverton, Dettelbach, Sicherman & Baumgart, Cleveland, Ohio, for trustee.

Susan M. Poswistilo, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OF OPINION AND ORDER

### I.

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Trustee's objection to Claim No. 56 filed by the Internal Revenue Service (IRS) in the above-captioned case in an amount of $30,660.31. The Trustee objects to the claim on the following grounds:

1. The claim is untimely filed.

2. The claim is for an estimated amount which is unsubstantiated and contains insufficient information to permit a determination of its validity and priority.

3. The claim is excessive and improperly includes penalties and interest.

4. The claim is unrelated to any prior claim filed by said claimant so claimant is asserting a new claim under the guise of an amendment or supplement to a prior proof of claim.

The IRS responds that the claim is a request for payment of an administrative expense which can be made at any time during the pendency of the bankruptcy proceeding, and the fact that the claim is estimated is not cause for disallowance of the claim.

### II.

The Debtor voluntarily filed a petition under Chapter 7 of the Bankruptcy Code on January 21, 1985. It was converted to Chapter 11 on March 26, 1985 and reconverted to Chapter 7 on June 19, 1985. Debtor ceased business operations on the date of the final conversion.

IRS was listed as a creditor by the debtor and received notice of the bar date for filing proofs of claims, which was set at December 11, 1985. IRS timely filed a proof of claim, Claim No. 44, on October 30, 1985. This proof of claim, in the amount of $16,966.78 asserted the following tax claims:

### Unsecured Priority Claims

| Kind of Tax | Tax Period | Date Tax Asserted | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| WT–FICA | (3rd Quarter) | 11/26/84 | $9,572.46 | $299.68 |
| WT–FICA | (4th Quarter) | 7/15/85 | $6,317.11 | $ –0– |

Additionally, this proof of claim asserted an unsecured general claim in the sum of $777.53 for the penalty which had accrued on these tax obligations up to the date of petition.

Subsequently, on or about December 20, 1988, more than three years after the expiration of the bar date for filing claims, IRS filed a Request for Payment of Internal Revenue Taxes (Bankruptcy Code Cases—Administrative Expenses) asserting as an administrative expense claim the following tax claims:

### Administrative Claims

| Kind of Tax | Tax Period | Tax Due | Accrued Interest | Accrued Penalty | Balance Due |
|---|---|---|---|---|---|
| FUTA | 12/31/84 | 1,965.33 | .00 | .00 | 1,965.33 |
| WT–FICA | 03/31/85 | 6,000.00 | 2,994.53 | 1,440.00 | 10,434.53 |
| WT–FICA | 06/30/85 | 6,000.00 | 2,994.53 | 1,440.00 | 10,434.53 |

| | | | Administrative Claims | | |
| --- | --- | --- | --- | --- | --- |
| Kind of Tax | Tax Period | Tax Due | Accrued Interest | Accrued Penalty | Balance Due |
| FUTA | 12/31/85 | 3,000.0C | 1,497.28 | 720.00 | 5,217.28 |
| CORP–INC | 12/31/85 | 1,500.00 | 748.64 | 360.00 | 2,608.64 |

The cover letter accompanying this "Request" advised the Clerk of Court for the Bankruptcy Court that the enclosure was a *"proof of claim"* and requested that the original proof of claim be filed and that file-stamped copies be forwarded to the claimant and the Trustee. Pursuant to these directions, Claimant's Request was treated as a proof of claim by the Clerk and designated as Claim No. 56 on the Claims Register maintained in the within proceeding. In light of both the Clerk's treatment of the IRS "claim" and the language of the cover letter, the Trustee also treated the Request like a proof of claim.

█ The first item on claim # 56 is for Debtor's 1984 FUTA tax obligations. Debtor's petition having been filed in January 1985, this obligation was incurred prepetition. "A tax is incurred on the date it accrues, not on the date of assessment or the date on which it is payable." *In re Overly–Hautz Co.*, 57 B.R. 932, 937 (Bankr.N.D.Ohio 1986), *aff'd* on other grounds, 81 B.R. 434 (N.D.Ohio 1987); *In re Ryan*, 78 B.R. 175, 177 (Bankr.E.D. Tenn.1987). The tax is not an obligation of Debtor's estate, and therefore is not entitled to administrative expense priority under § 507(a)(1). Instead, it is the type of tax specified in § 507(a)(7) and consequently excluded from the administrative expense provisions of § 503(b)(1)(B)(i). *See U.S. v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir.1984); *In re Scrap Disposal, Inc.*, 38 B.R. 765 (BAP 9th Cir.1984).

The subject tax constitutes a claim against the debtor. The time for filing a proof of claim in a Chapter 7 liquidation is governed by Bankr.R. 3002(c). *See also* Bankr.R. 9006(b)(3). IRS could have sought an extension of time in which to file "for cause" pursuant to Bankr.R. 3002(c)(1) to obtain additional time in which to file this claim, but it did not do so.

█ IRS does not characterize this 1984 FUTA claim as a supplemental or amended claim to its timely-filed claim of October 30, 1985. Instead, in response to Trustee's Objection to Claim No. 56, it includes this claim in the administrative expenses accrued under Chapter 11. An untimely new claim, however, may be permitted as a valid amendment where the original filing provided notice to the Debtor of the existence, nature, and amount of subsequent claims to be submitted by the creditor. *See*, e.g., *Overly–Hautz, supra.* In the instant case, the earlier proof of claim gives no indication that IRS has a claim for 1984 FUTA Taxes or that it intended to hold the estate liable for these taxes even though it was aware of the existence of a FUTA claim prior to the filing of its timely claim and prior to the expiration of the bar date. (*See* Trustee's Exhibit B.) Therefore the FUTA claim for $1,965.33 is not a valid amendment to a timely-filed Claim and will not be allowed. *See also, In re Robert Stone Cut Off Equipment, Inc.*, 98 B.R. 158 (Bankr.N.D.N.Y.1989).

█ The dispositive issue for the remaining parts of the claim is whether an administrative claim arising in a Chapter 11 proceeding is subject to the bar date established in an ensuing Chapter 7 conversion. The position of the IRS is that only prepetition claims are subject to the bar date; these claims are against the Debtor rather than against the Debtor's estate. The holder of an administrative claim against the estate is not required to file a proof of claim but only a request for payment, which can be filed at any time.

The IRS cites three cases in support of its contention that a proof of claim is not required. None of them is apposite to the facts of the case at bar. The first, *In re Parker, Jr.*, 15 B.R. 980, 8 B.C.D. 688 (Bankr.E.D.Tenn.1981), *aff'd.*, 21 B.R. 692 (E.D.Tenn.1982) is a Chapter 13 case with a narrow holding. "The debtor's attorney in

a Chapter 13 case need not file a proof of claim in order to be paid his fee for representing the debtors in the Chapter 13 case." 15 B.R. at 982. That case was never converted and did not raise the issue of finality that is present in the instant case. *In re Taylor Transport,* 28 B.R. 832, 10 B.C.D. 426 (Bankr.N.D.Ohio 1983) dealt with an unconverted Chapter 11 case wherein attorneys filed a proof of claim instead of an application for fees in an apparent attempt to confer party-in-interest status on themselves. This attempt was not sanctioned by the court. 28 B.R. at 835.

At issue in the IRS's third case, *In re Crisp,* 92 B.R. 885 (Bankr.W.D.Mo.1988), was the distribution of funds for postconversion administrative expenses under the provisions of § 726(b). The IRS filed a claim for $59,987.72 to which the Trustee objected as untimely filed. The court concurred, not allowing any late filing by the IRS for Chapter 11 administrative expenses and allowing only $13,773.68 in administrative expenses which arose during the course of the Chapter 7 proceedings. *Id.* at 893. The court there was concerned only with allocation of funds to Chapter 7 administrative expenses with priority status over Chapter 11 expenses, since the assets were insufficient to satisfy even these superpriority claims in full. Such expenses are not the issue in the instant case.

Trustee contends that while a proof of claim is not required for administrative expenses in a Chapter 11, upon conversion, the administrative claim in the Chapter 11 becomes a claim upon the Chapter 7 estate and, as such, is subject to the bar date established in the Chapter 7 proceedings. In support of his position, the Trustee cites §§ 101(9) and 101(4) to show that the IRS is a creditor with a claim. He further points out that § 348 of the Bankruptcy Code governs the effect of conversion of a case. Subsection (a) of that provision provides that the "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted ..." 11 U.S.C. § 348(a). Under this analysis, the IRS administrative claim on the chapter 11 case arose prepetition and becomes a claim on the Chapter 7 estate subject to the bar date established in the Chapter 7 case. That the claim does not lose its status as an administrative claim with priority over other Chapter 11 unsecured claims is indicated by the fact that § 348(d), which provides special treatment for preconversion claims, expressly omits § 503(b) administrative claims from its treatment, thereby permitting them to retain their priority. *See* 8 *Collier on Bankruptcy* ¶ 1019.09 at 1019–18 (15th Ed.1988.).

Neither § 348, which deals with conversion, nor §§ 503 and 507, which deal with administrative claims, are concerned with the time of filing. *Matter of West Johnson Corp.,* 96 B.R. 182, 184 (Bankr.W.D. Wis.1988). For the procedural requirements the Court must turn to the rules. When a Chapter 11 case is converted to Chapter 7, the debtor in possession files a schedule of debts incurred in the Chapter 11 case. Bankr.R. 1019(6). Notice is then given to everyone scheduled to file a proof of claim. Bankr.R. 1019(7). The rule does not say that the court should notify them to file proofs of claim *or* requests for payment of administrative expenses. This rule says they are to be directed to file proofs of claims. *In re Transouth Truck Equipment, Inc.,* 87 B.R. 937, 939, 17 B.C.D. 1230 (Bankr.E.D.Tenn.1988).

Moreover, the rule specifically includes the federal government as one of the entities that must be notified to file a proof of claim. The drafters of Rule 1019(7) chose to require the various governments to file proofs of claims, even though most government tax claims will be entitled to administrative expense priority. *Id.*

There are practical reasons in support of the above-outlined procedure. The newly-appointed Chapter 7 Trustee must be aware of all the debts owed by the debtor. Thoses listed on the original Chapter 11 petition will not include the debts incurred during the pendency of the Chapter 11 proceeding. Upon conversion the Chapter 11 expenses are no longer contingent but

**112**

are now definite in amount and can be filed as proofs of claims. *West Johnson* at 183–184. The bar date for filing proofs of claim serves the function of providing the debtor and creditors with finality. *In re Johnson*, 84 B.R. 492, 494 (1988). Application of the bar date to the IRS claim would also contribute to the general principle of interpreting the Bankruptcy Rules "to secure the just, speedy, and inexpensive determination of every case...." Bankr.R. 1001. IRS was required to file a proof of claim of its administrative expenses by the bar date set in the Chapter 7 proceedings,. Because its claim was tardily filed, Trustee's objection is sustained.

Since Bankruptcy is a court of law and equity, the Court will further examine the equities of the present situation to determine whether a different result should be obtained. IRS claims that it was unable to file a definite claim because Debtor in possession did not file tax returns from January 2, 1985 to June 19, 1985, when Debtor ceased operations. The Court, however, does not find Debtor's conduct a sufficient cause for failure of the IRS to file any claim. IRS could have timely filed an estimated claim subject to later amendment. It failed to do so. Instead, IRS waited more than three years after the bar date to file its estimated claim. Therefore, although Debtor in possession's conduct is not above reproach, neither is IRS's delay without fault. The Court need not reach the issue of the validity of the claim, having already found that it is untimely filed.

IT IS SO ORDERED.