## In re BONDI'S VALU–KING, INC., Debtor.

## UNITED STATES of America, Appellant,

v.

## David O. SIMON, Trustee, Appellee.

## No. 1:89CV1561.

United States District Court, N.D. Ohio, E.D.

Feb. 22, 1991.

Henry J. Riordan, Dept. of Justice, Tax Div., Washington, D.C., Richard J. French, Asst. U.S. Atty., Cleveland, Ohio, for appellant.

Michael D. Zaverton, Dettelbach, Sicherman & Baumgart, Cleveland, Ohio, for appellee and debtor.

## MEMORANDUM OF OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

KRENZLER, District Judge.

The above-captioned case is an appeal from a final order of the bankruptcy court. The bankruptcy court held that an Internal Revenue Service ("IRS") claim for 1984 FUTA taxes was not a proper amendment to its earlier timely filed claim; and that other IRS administrative expense claims for taxes, which arose in a superseded Chapter 11 proceeding were subject to the bar date established by the court in the superseding Chapter 7 proceeding. 102 B.R. 108.

The facts are as follows. On January 21, 1985, a petition for relief under Chapter 7 of the Bankruptcy Code commenced this case. Two months later, on March 3, 1985, the case was converted to a Chapter 11 proceeding. On June 19, 1985, the case was reconverted to a Chapter 7 proceeding and the bankruptcy court established December 11, 1985, as the "bar date"; the date by which all creditors must file proof of claims. The debtor ceased business operations on the date the case was converted to Chapter 7.

The IRS, having received notice of the bar date, timely filed a proof of claim on October 30, 1985. This proof of claim asserted the following tax claims:

### Unsecured Priority Claims

| Kind of Tax | Tax Period | Date Tax Asserted | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| WT–FICA | (3rd Q) 1984 | 11/26/84 | $9,572.46 | $299.68 |
| WT–FICA | (4th Q) 1984 | 07/15/85 | 6,317.11 | –0– |

Additionally, this proof of claim asserted an unsecured general claim in the sum of $777.53 for the penalty which had accrued on these tax obligations up to the date of the filing of the bankruptcy petition.

On December 20, 1988, more than three years after the expiration of the bar date, the IRS filed a "Request for Payment of Internal Revenue Taxes (Bankruptcy Code Cases—Administrative Expenses)" asserting as administrative expenses, the following tax claims:

### Administrative Claims

| Kind of Tax | Tax Period | Tax Due | Accrued Interest | Balance Due |
|---|---|---|---|---|
| FUTA | 12/31/84 | $1,965.33 | $ .00 | $ 1,965.33 |
| WT–FICA | 03/31/85 | 6,000.00 | 2,994.53 | 10,434.53 |
| WT–FICA | 06/30/85 | 6,000.00 | 2,994.53 | 10,434.53 |
| FUTA | 12/31/85 | 3,000.00 | 1,497.28 | 5,217.28 |
| CORP–INC | 12/31/85 | 1,500.00 | 748.64 | 2,608.64 |

The bankruptcy court disallowed all of the tax claims in the 1988 Request. These tax amounts are now at issue in this appeal. The bankruptcy court held that the 1984 FUTA tax claim, having been incurred prepetition, was not an administrative expense and, therefore, could not be allowed as an amendment to the IRS' proof of claim since no prior claim for that type of tax covering that period had been filed. As to the 1985 taxes claimed as Chapter 11 administrative expenses, the bankruptcy court held that these administrative claims could no longer be enforced, having been asserted after the bar date set on the superseding Chapter 7 proceeding.

### I. *The 1984 FUTA Claim*

The IRS contends that the bankruptcy court erred in holding that the IRS' claim for 1984 FUTA taxes was not a proper amendment to its timely filed proof of claim.

Originally asserting that the 1984 FUTA claim was an administrative expense, the IRS now concedes that this claim was incurred prepetition and, therefore, it is not entitled to administrative expense priority. However, it asserts that the bankruptcy court should have accepted this claim as a valid amendment to the IRS' timely filed proof of claim.

Courts have allowed creditors to amend claims after the bar date where the amended claim is determined to bear a "reasonable relationship" to the original filing. *In re Robert Stone Cut Off Equipment, Inc. and Bentley Welding & Machinery,* 98 B.R. 158, 160 (Bankr.N.D.N.Y. 1989). *See also In re Hanscom Retail Foods, Inc.,* 96 B.R. 33 (Bankr.E.D.Pa. 1988); *In re Overly–Hautz Co.,* 57 B.R. 932 (Bankr.N.D.Ohio 1986), *aff'd* 81 B.R. 434 (N.D.Ohio 1987). However, amendments will not be permitted where they are merely a guise for filing an untimely new claim. *United States v. International Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985); *First National Bank of Mobile v. Everhart (In re Commonwealth Corp.),* 617 F.2d 415 (5th Cir.1980); *In re Overly–Hautz, supra,* at 936.

The essential factor in determining the validity of an amendment is the Court finding a "relationship" between the amendment and the original filing that provides "notice to the debtor of the existence, nature and amount of subsequent claims to be submitted by the creditor." *In re Robert Stone, supra,* at 161. *See also In re Hanscom Retail Foods, Inc., supra; In re Overly–Hautz, supra.* If a post bar date amendment sets forth a claim which is unrelated to the original claim, it cannot con-

stitute a valid amendment. *In re Overly–Hautz, supra,* at 936; *In re Robert Stone, supra.*

In support of its position that the 1984 FUTA claim is a valid amendment, the IRS relies on *In re Midwest Teleproductions Co., Inc.,* 69 B.R. 675 (Bankr.N.D.Ohio 1987), to establish the necessary "relationship" between the amendment (asserting 1984 FUTA taxes) and the original, timely filed proof of claim (asserting 1984 FICA and withholding taxes). The court, in *Midwest Teleproductions,* allowed a proof of claim for FICA and withholding taxes to be amended to include FUTA taxes, but in doing so, it warned the IRS that "[s]tanding alone, [this relationship] is certainly insufficient to permit the freewheeling, belated filing of tax claims under the guise of amendments." *Midwest Teleproductions, supra,* at 677 (citations omitted). The court allowed the amendment, given that the IRS had asserted its claim approximately six months subsequent to the expiration of the bar date and that the IRS' ability to determine and assess FUTA liability was affected by the debtor's failure to timely file its tax returns for the tax periods at issue. *Midwest Teleproductions, supra,* at 677. The *Midwest Teleproductions* case was based on the unique facts of its case and after the court balanced the equities of each party.

In the case at hand, the bankruptcy court found that the timely filed proof of claim gave no indication that the IRS had a claim for 1984 FUTA taxes or "that it intended to hold the estate liable for these taxes even though it [IRS] was aware of the existence of a FUTA claim prior to the filing of its timely claim and prior to the expiration of the bar date." *In re Bondi's Valu–King, Inc.,* 102 B.R. 108 (Bankr.N.D.Ohio 1989). Failure to indicate that a creditor intends to hold the estate liable defeats the stated purpose of requiring a proof of claim to be filed. *See In re Hanscom Retail Foods, Inc., supra,* at 36.

Given that the IRS could have included the 1984 FUTA tax in its proof of claim, that it could have asked for an extension or filed an estimate, and that it waited three years to seek to treat the 1988 claim as an amendment to its 1985 proof of claim, the bankruptcy court's decision denying the amendment is affirmed.

## II. *The 1985 Administrative Expenses*

■ The second issue presented on this appeal is whether the bankruptcy court erred in finding that an administrative expense claim arising in a Chapter 11 proceeding is subject to the bar date established in an ensuing Chapter 7 conversion.

Originally, the IRS contended that four 1985 tax claims (withholding and FICA taxes due March 31, 1985; withholding and FICA taxes due June 30, 1985; 1985 FUTA; and 1985 corporate income taxes) were administrative expenses arising out of a Chapter 11 proceeding, but were not subject to the Chapter 7 bar date. Consideration of this appeal was delayed pending receipt of an expected Sixth Circuit decision on this issue. The Sixth Circuit Court of Appeals has now held that upon conversion of a Chapter 11 case to a Chapter 7 case, administrative expense claims for taxes incurred postpetition but preconversion must comply with the Chapter 7 bar date. *In re Walter Johnson,* 901 F.2d 513 (6th Cir.1990). The IRS now concedes that if the 1985 taxes are Chapter 11 administrative expenses, they are barred for not having been included in its 1985 proof of claim. However, the IRS now contends that the *In re Walter Johnson* decision does not preclude them from collecting two of the four 1985 taxes (1985 corporate income and FUTA taxes). In its supplemental brief, the IRS puts forth a new argument. It contends that two of the 1985 taxes were in fact Chapter 7 administrative expenses and as such are not subject to the Chapter 7 bar date.

## III. *Timing of Administrative Expenses as Chapter 11 or Chapter 7*

Having put forth a new argument in its supplemental brief, the IRS poses a third issue: whether administrative expense claims for taxes are Chapter 11 or Chapter 7 administrative expenses when they arise during the Chapter 11 proceeding but do

not become due until after the case is converted to a Chapter 7 proceeding.

The IRS contends that the 1985 claims for corporate income and FUTA taxes were not incurred during the Chapter 11 proceeding but during the Chapter 7 proceeding. The basis for this contention is that these taxes did not have to be paid, nor did a tax return have to be filed, until after the case was reconverted to a Chapter 7 proceeding.

 Tax claims "incurred" during one bankruptcy proceeding are not administrative expenses of a subsequent bankruptcy proceeding. *Cf. Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). Essential to the classification of a tax as an administrative expense is the requirement that it be "incurred by the estate." 11 U.S.C.A. § 503(b)(1)(B) (1979). The legislative history of § 503(b)(1)(B) demonstrates that Congress intended that "expenses of preserving the estate ... are allowable as administrative expenses." S.Rep. No. 95–989, 95th Cong. 2nd Sess. 66; H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 355, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5852, 6311. These administrative expenses include taxes which the "trustee incurs in administering the debtor's estate." *Id.*

Given that an "estate" is not created until the commencement of a bankruptcy case, 11 U.S.C.A. § 541 (1979), the tax liability incurred before the commencement of the Chapter 7 case cannot be a Chapter 7 administrative expense; it is in fact a Chapter 11 administrative expense because the Chapter 7 estate was not in existence at the time this tax liability arose. The Chapter 11 estate, the creation of additional Chapter 11 administrative expenses, and the debtor's business operation all came to an end when the case was converted to Chapter 7.

The distinction between the acts necessary to create a tax liability and the timing of payment is overlooked in the IRS argument. On the matter before this Court, all the acts necessary to create the tax liability in question occurred before conversion from Chapter 11 to Chapter 7. The estate

which incurred the 1985 corporate income and FUTA taxes was the Chapter 11 estate. Given that these tax claims are Chapter 11 administrative expenses, the *In re Walter Johnson* decision subjects them to the Chapter 7 bar date.

## IV. *IRS Objection to Magistrate Report and Recommended Decision*

This appeal was referred to a magistrate for a report and recommended decision. In its "Objections to Report and Recommended Decision of Magistrate," the IRS objects to this Court's authority to refer a bankruptcy appeal to a magistrate.

This Court is empowered to refer this appeal to a magistrate under 28 U.S.C. §§ 636(b)(1) and (3), and Local Civ.R. 19.05–19.12. This Court has already held that such referrals are proper. *Port Side Transport, Inc. v. Van Huffell Tube Corp.*, C87–1935Y (N.D.Ohio Nov. 7, 1988) (Krenzler, J.). All other objections to the magistrate's Report and Recommended Decision have been addressed in this opinion.

The bankruptcy court's decision is affirmed.