### In re E. O. THOMPSON'S SONS.

#### (District Court, E. D. Pennsylvania. June 4, 1903.)

#### No. 1,015.

1. BANKRUPTCY—TIME FOR PROVING CLAIMS—SUBSTITUTE OR AMENDED CLAIM.
  A claim filed against a bankrupt estate after the expiration of the year fixed by the statute cannot be allowed as an amendment of, or substitute for, a prior claim which had been withdrawn without reservation 10 months before.

2. SAME—LIQUIDATION OF CLAIM BY LITIGATION.
  The claim of a surety for a bankrupt is not "liquidated by litigation" within the meaning of Bankr. Act July 1, 1898, § 57n, 30 Stat. 561, c. 541 [U. S. Comp. St. 1901, p. 3444], so as to entitle it to be proved after the expiration of the year fixed for proving claims, because of litigation between the principal creditor and the surety to determine the latter's liability, where the amount was not in controversy.

In Bankruptcy. On certificate of referee concerning claim of E. O. Thompson's executors.

C. Berkley Taylor, for estate of E. O. Thompson, deceased.
Julius C. Levi, for trustee.

J. B. McPHERSON, District Judge. E. O. Thompson's Sons, a trading corporation, was adjudged bankrupt on June 7, 1901. The business had been carried on in a room on Chestnut street, which was vacated about April 1st, leaving two months' rent in arrears. The bankrupt's immediate lessor was E. O. Thompson, who had taken the original lease from the owner of the premises, and continued to be liable to him for the rent. The owner presented a claim against the bankrupt estate for two months' use and occupation, February and

March, and also made a demand upon E. O. Thompson—or upon his executors, who are the present claimants—for rent during these two months, as well as for the rent afterwards accruing to September 1st. The money was not paid, but on November 13, 1901, the claimants proved an unsecured debt against the bankrupt estate for $4,791.66, this being the rent for the period between April 1st and September 1st, making the proof under clause "i" of section 57 (Act July 1, 1898, 30 Stat. 560, c. 541 [U. S. Comp. St. 1901, p. 3443]), which provides that:

"Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and, if he discharge such undertaking in whole or in part, he shall be subrogated to that extent to the rights of the creditor."

On December 4, 1901, the following communication was addressed to the referee by the claimants' attorney: "I also desire to withdraw the claim made by the executors of E. O. Thompson for rent in the E. O. Thompson case." The claim was thereupon marked withdrawn by the referee, and, although the paper remained in the referee's possession, this fact did not prevent the transaction from being complete. The owner continued to press his claim against the estate of E. O. Thompson in the orphans' court of Philadelphia county, and succeeded in having it allowed by the auditing judge. While exceptions to his award were pending before the orphans' court in banc, the claimants, on October 3, 1902, presented a new proof of claim for $6,708.31, embracing the rent for the period between February 1st and September 1st. The proof was received by the referee on the theory that the first claim had been withdrawn for the purpose of substituting an amended claim. To this ruling the trustee objected, and I think his objection should have been sustained. So far as the record shows, the claim was unconditionally withdrawn in December, and there is no evidence that there was then any purpose of filing an amended claim. If, however, such was the claimants' intention, they had six months within which to carry it out, but for some reason they delayed until nearly 16 months had passed since the adjudication, and are now confronted with clause "n" of section 57, which declares:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: provided, that the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

I see no escape from the positive declaration of this clause. It cannot be successfully contended that the claim was in process of "liquidation" in the sense borne by that word in the foregoing paragraph. If the litigation there referred to means litigation between the claimants and the bankrupt, no such dispute existed; and, assuming it to include litigation between the claimants and third parties, by which the bankrupt estate may be affected, although it is not represented therein, the object of the contest between the owner and the claimants was not to liquidate a claim. The amount was not in

dispute. The sole question was whether E. O. Thompson's estate was liable, and it was not "liquidation" to determine that controversy. The present claim could have been proved in October, 1901, just as readily as the claim for $4,791.66 that was actually presented. The amount of the present claim was known, the controversy was known, and there was no need of further "liquidation." To permit a new claim now for a different amount, after the year has gone by, seems to me a plain violation of the act. As I regard it, this is certainly a fresh claim, and not a mere amendment, for there was nothing of record to be amended. Re Moebius, 8 Am. Bankr. R. 590, 116 Fed. 47; Re Mercur, 8 Am. Bankr. R. 275, 116 Fed. 655.

The claim is therefore disallowed.