**In the Matter of NIMZ TRANSPORTATION, INC.,**

**No. 73–2099.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 20, 1974.

Decided Nov. 5, 1974.

Harry E. Clem, Urbana, Ill., William A. Widmer, III, Sherman M. Carmell, Chicago, Ill., for appellant.

Terrence L. Vogel, Edward Litak, Danville, Ill., for Bankrupt.

Before CASTLE, Senior Circuit Judge, and FAIRCHILD and SPRECHER, Circuit Judges.

CASTLE, Senior Circuit Judge.

Petitioner wage claimants appeal from the order of the district court disallowing their claims for unpaid wages and other benefits from the bankrupt, Nimz Transportation, Inc. The court below concluded that the proofs of claim had not been timely filed within the six month period permitted by the Bankruptcy Act, 11 U.S.C. § 93(n) (1970). We reverse.

11 U.S.C. § 93(n) provides that "[c]laims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed . . . ." The creditors of the bankrupt first met on March 4, 1971, and the six month limitation period therefore expired on September 4, 1971. In April 1973, it was learned for the first time that the referee could not locate the proof of claims and that they were therefore not considered as filed. Upon receiving this information, the attorney for the wage claimants promptly submitted to the referee in bankruptcy a petition to refile the proofs of claim.

At the hearing on the petition, the wage claimants asserted that the proofs of claim were mailed to the clerk of the district court on or about May 20, 1971, and that therefore the claims would have reached the referee well before the expiration of the limitation period on September 4, 1971.[1] Counsel responsible for the filing of the claims detailed the normal mailing procedure used in his law office for outgoing mail, and testified that although his employees could not remember mailing the particular package containing the proofs of claim, he recalled initiating the normal mailing procedures for those claims. The evi-

---

1. Under the Bankruptcy Act, proofs of claim may be filed with the clerk of the district court whose duty it is to pass them on to the referee. Bankruptcy Gen. Order 20, 28 U.S.C.A., superseded by Bankruptcy R. 509, 28 U.S.C.A. (Supp.1973); 11 U.S.C. § 79(4) superseded by Bankruptcy R. 507(b), 28 U.S.C.A. (Supp.1973).

dence also disclosed that the mailing envelope was correctly directed and bore the proper return address, and that the original cover letter and proofs of claim were not found in a later search of counsel's law office. The bankrupt did not present any evidence, but it was conceded that the clerk's file did not contain the proofs of claim. There was no direct testimony, however, by the clerk that these particular claims were not received, or of the procedures used in processing claims received through the mail.[2] At the close of the hearing, the referee denied the petition to refile the claims, and the district court, affirming the referee's order, concluded that "depositing a claim in bankruptcy in the mails . . . is not sufficient to constitute 'filing' . . ., and the claim is only 'filed' when it is received by the Clerk of the Court or the Referee."

It is true that mailing alone does not constitute filing, but that filing requires delivery and receipt by the proper party. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916). It is also well recognized, however, that a timely and accurate mailing raises a rebuttable presumption that the mailed material was received, and thereby filed. Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Haag v. Commissioner, 59 F.2d 516, 517 (7th Cir. 1932).

Although the record supports the finding of a timely and accurate mailing, we cannot conclude that the presumption of receipt which correspondingly arises has been rebutted. The bankrupt relies on several lower court cases to support the district court's order that the claims should not be allowed. See, e. g., In re Beattie, 102 F. Supp. 107 (W.D.Mich.1951); In re R. B. Rose Co., 43 F.2d 446 (S.D.N.Y.1930). In those cases, however, the court found that the record established that the various claims were never in fact received. The record here cannot support a similar conclusion.

The court below relied on the fact that the clerk's files did not contain the proof of claims. However, we agree with the court in Jones v. United States, 226 F.2d 24, 27 (9th Cir. 1955) that this circumstance is by itself insufficient to rebut the presumption of receipt. The record contains no other evidence of nonreceipt, and therefore the present case is unlike In re Super Electric Products Corp., 200 F.2d 790, 793 (3d Cir. 1953) because there the presumption was rebutted by direct testimony that the specific registered letters were not received, and by the fact that the record indicated that the letters were improperly addressed. Accordingly, here the presumption of receipt must prevail, and we conclude that it must be found that the proofs of claim were received, and therefore filed, before the six month limitation period expired.

The order of the district court is reversed.

Reversed.

---

2. Attorney for the wage claimants requested that the referee take judicial notice of the procedure of the clerk's office with regard to incoming mail, but the referee did not rule on the request. The record does not indicate that it was noticed *sua sponte*, and we assume that it was not since the procedure followed at any particular time would be disputable and therefore would not be a proper matter for judicial notice. *See* In re Aughenbaugh, 125 F.2d 887 (3d Cir. 1942).