**In the Matter of KERO–SUN, INC., Debtor.**

**Bankruptcy No. 2–83–00764.**

United States Bankruptcy Court, D. Connecticut.

June 19, 1986.

Robert R. Leinwand, Javits, Robinson, Brog, Leinwand & Reich, P.C., New York City, for debtor.

Milton Pfeffer, and Roberta Burman, Gwertzman, Pfeffer, Toker & Lefkowitz, New York City, for claimant, Sentry Ins. Co.

## MEMORANDUM OF DECISION AND ORDER

### RE: PROOF OF CLAIM OF SENTRY INSURANCE COMPANY

ROBERT L. KRECHEVSKY, Chief Judge.

This core proceeding, *see* 28 U.S.C. § 157(b)(2)(B), concerns a motion entitled "Motion to Accept Late Filing, Or In The Alternative Dissolve Stay," filed by a creditor, Sentry Insurance Company (Sentry). The motion is, in fact, not for acceptance of a late filing, but for recognition of Sentry's proof of claim as timely filed.[1] The following factual background is based upon the case file and an evidentiary hearing held on February 20, 1986.

### I.

On October 13, 1983, three creditors filed an involuntary chapter 7 petition in this court against Kero-Sun, Inc. (debtor), a world-wide distributor of kerosene heaters. After the court denied the debtor's motion to dismiss the petition, on December 6, 1983 the debtor converted its case to one under chapter 11. The debtor operated as a chapter 11 debtor-in-possession from that time until October 16, 1985, when its reorganization plan was confirmed. Under the plan, holders of allowed unsecured claims not previously acquired by an agent of the debtor are to receive payment of eighty-five percent of their claims.

Sentry, a conceded prepetition creditor of the debtor, on March 10, 1983, had commenced an action in the New York Supreme Court against the debtor and Ovation Comfort Sales Company (Ovation). Sentry, a fire insurance company, sued as a subrogee of William A. Haldenwang, Rose Haldenwang and William C. Haldenwang (insureds), who had sustained property damage allegedly caused by the explosion of a Kero-Sun heater. The complaint, filed by Sentry's attorneys, Gwertzman, Pfeffer, Toker & Lefkowitz (Gwertzman), stated causes of action for breach of warranty, strict liability, and negligence against the debtor and Ovation. Sentry sought damages of $125,000.00, the amount it asserted it had paid over to its insureds. The state court action was defended on behalf of both defendants by counsel retained by the debtor's liability insurer, the Great Republic Insurance Company, a wholly-owned subsidiary of the debtor.

Shortly after the conversion of its case to chapter 11, the debtor filed a schedule of its unsecured creditors, but did not include Sentry on the schedule.[2] Gwertzman, however, had become aware of the debtor's bankruptcy case. According to the testimony of Thomas M. Smith, an attorney then associated with Gwertzman and handling the suit against the debtor and Ovation, he took the following steps. On June 11, 1984, Smith prepared a proof of claim in the name of Sentry for $125,000.00, which he executed as an agent of Sentry, listing his address as "115 Broadway, New York, N.Y., 10006", Gwertzman's office address (office address). Smith attached a copy of the state court complaint brought by Sentry against the debtor and Ovation as the basis for Sentry's claim. He placed the original executed proof of claim in an envelope addressed to the Clerk's Office of the United States Bankruptcy Court in Hartford, Connecticut, affixed appropriate

---

1. "There is but one issue in this hearing, was the proof of claim of Sentry Insurance Co. as subrogee of William A. Haldenwang, Rose Haldenwang and William C. Haldenwang timely filed." *Sentry Memo.* at 5. "The debtor's position is simply set forth as follows, no proof of claim was properly filed in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules...." *Debtor Memo.* at 7.

2. In response to question 12(a) of the Statement of Affairs, requiring listing of all pending lawsuits, the debtor stated: "The numerous product liability claims which have been asserted against Kero-Sun are being defended by its captive insurance company, Great Republic Insurance Company, Ltd. and are therefore not listed herein."

postage, and personally deposited the envelope in a New York post office box. No such proof of claim has been located in the files at the Hartford Bankruptcy Clerk's office.

On December 4, 1984, the debtor filed an amended schedule of unsecured creditors (amended schedule). The debtor again did not name Sentry as a creditor, but the amended schedule did list "William and Rose Haldenwang, 10 Kings Highway, New City, N.Y., Max Gwertzman, Esq. Gwertzman, Pfeiffer [sic], Toker & Lefkowitz [office address]" with a noncontingent, liquidated and undisputed claim of $5,000.00. On the additional list of creditors required by Bankruptcy Rule 1007 and Local Bankruptcy Rule 7 (matrix), the debtor listed "William & Rose Haldenwang c/o Max Gwetzman [sic], Esq. Gwertzman, Pfeiffer, Toker [office address]." Guy D. Bradford, a vice-president of the debtor who had attested to the correctness and truth of the amended schedule, testified that the information as to the names of these creditors, the $5,000.00 amount of the claim, and that it was noncontingent, liquidated and undisputed came solely from personnel of the Great Republic Insurance Company. Following the filing of the amended schedule, the clerk's office periodically sent notices in accordance with the matrix designation, to "William & Rose Haldenwang c/o Max Gwertzman, Esq., Gwertzman, Pfeiffer, Toker [office address]." When the debtor had the responsibility of sending out notices to parties in interest, it sent such notices either to "Max Gwertzman, Esq., Gwertzman, Pfeiffer, Toker & Lefkowitz [office address]" or in accordance with the matrix designation. At no time was the name of Sentry ever utilized. There is no proof of claim on file by anyone named Haldenwang.

On January 22, 1985, the debtor sent notices to the creditors listed on the amended schedule that the court had designated April 1, 1985, as the last day for filing proofs of claim. The Gwertzman office disregarded all notices because of its belief that Smith had previously filed a proof of claim for Sentry. Gwertzman, who never represented the Haldenwangs, apparently disregarded the fact that some of the notices received were addressed to "William & Rose Haldenwang c/o Max Gwetzman", and that Sentry's name never appeared.

Following confirmation of its plan, Bradford, on behalf of the debtor, signed a check dated October 28, 1985, in the sum of $4,250.00, payable to "Sentry Insurance Company A/S/O William A. Haldenwang, Rose Haldenwang and William C. Haldenwang". He sent the check in an envelope addressed to Sentry "c/o Max Gwertzman, Esq., Gwertzman, Pfeiffer, Toker" at the office address. In an accompanying letter, Bradford advised that the check represented a final distribution of "85% of the allowed portion of the Claim which you filed or which the Debtor listed on its Schedule A–3, Creditors Having Unsecured Claims Without Priority, or amendments thereto."

Gwertzman promptly returned the check to the debtor with letter dated November 6, 1985, and asserted that Sentry's claim was for $125,000.00, not the $5,000.00 amount for which the check was issued. After a further brief exchange of correspondence between Gwertzman and the debtor, Sentry, on December 9, 1985, filed the motion under consideration.

## II.

Sentry's motion seeks to have the court find that Sentry duly filed its claim for $125,000.00. Following the hearing on the motion, Sentry and the debtor submitted their claims of law in writing to the court. Sentry argues that Smith's testimony establishes that a proof of claim was properly executed, addressed, stamped, and mailed on June 11, 1984, and, as a result, delivery to the court is presumed. Sentry contends that because Gwertzman received various notices during the debtor's reorganization, Sentry had no reason to doubt that its proof of claim had been duly received and filed by the bankruptcy court.

The debtor's position is that no proof of claim was properly filed by Sentry and "inasmuch as the debtor had listed Sentry

Insurance Company as subrogee of the Haldenwangs on its amended A–3 Schedule the operative claim was that which was so listed on the debtor's amended A–3 Schedule." *Debtor Memo.* at 7. Filing, according to the debtor, requires delivery to the custody of the clerk of the court, and the presumption of receipt of a properly-posted document should not apply to claims filings.

### III.

Bankruptcy Rule 3003, in pertinent part, provides:

(b) *Schedule of Liabilities and List of Equity Security Holders.*

(1) *Schedule of Liabilities.* The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.

·    ·    ·    ·    ·

(c) *Filing of Proof of Claim.*

·    ·    ·    ·    ·

(2) *Who Must File.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(3) *Time For Filing.* The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

In this case, the court fixed April 4, 1984, as the bar date for creditors who were listed on the original schedule of unsecured creditors filed by the debtor, and fixed April 1, 1985, as the bar date for creditors listed on the amended schedule.

### IV.

I find that Sentry's claim was filed with the clerk's office as asserted by Sentry. Sentry introduced evidence, which I credit, that on June 11, 1984, its attorney, as an agent of Sentry, properly executed, addressed, stamped and mailed its proof of claim to this court. A copy of the proof of claim so prepared was retained in the attorney's file. Such evidence creates a rebuttable presumption that the document mailed reached its destination in usual time and was actually received by the addressee. *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418–19, 76 L.Ed. 861 (1932). There is a clear holding that this presumption applies to proofs of claim properly mailed to a bankruptcy court. In *In re Nimz Transportation, Inc.,* 505 F.2d 177 (7th Cir.1974), the claimants presented testimony that proofs of claim were mailed on or about May 20, 1971, where the bar date for filing proofs of claim was September 4, 1971. The bankruptcy clerk's office files did not contain the proofs of claim. The district court, affirming the referee, had ruled that " 'depositing a claim in bankruptcy in the mails ... is not sufficient to constitute "filing" ..., and the claim is only "filed" when it is received by the Clerk of the Court or the Referee.' " 505 F.2d at 179. The Court of Appeals reversed this holding and stated as follows:

It is true that mailing alone does not constitute filing, but that filing requires delivery and receipt by the proper party. It is also well recognized, however, that a timely and accurate mailing raises a rebuttable presumption that the mailed material was received, and thereby filed. Although the record supports the finding of a timely and accurate mailing, we cannot conclude that the presumption of receipt which correspondingly arises has been rebutted.... The court below relied on the fact that the clerk's files did not contain the proof of claims. However, we agree ... that this circumstance is by itself insufficient to rebut the pre-

sumption of receipt. The record contains no other evidence of nonreceipt....

*Id.* at 179 (citations omitted).

The placing of a proof of claim in the appropriate file is of course, the responsibility of the clerk's office. In the debtor's reorganization case, it eventually scheduled some 950 unsecured creditors, and 494 proofs of claim were filed. There have been many court proceedings involving the assignments of claims against the estate. It is not improbable that one of the proofs of claim may have been misfiled or lost. Based upon the record in this proceeding, I find that Sentry's proof of claim was received by the clerk's office on a date following its mailing, and thereby filed.

The debtor cites and relies upon the line of cases holding that a paper is not considered "filed" until it has been delivered to and received by the party with whom it is to be filed. *See, e.g., In re Imperial Sheet Metal, Inc.,* 352 F.Supp. 1149 (M.D.La. 1973); Bankr.R. 5005(a). These holdings are inapposite to the question presented here, as they generally involve the question of whether documents which admittedly had been received were received in time.[3] What is at issue here is whether a presumption of receipt applies to an unlocated document. If Sentry's proof of claim was mailed to the clerk's office ten months before the bar date, and the presumption of receipt is not rebutted, the proof of claim was timely filed. Because I have found that the proof of claim was filed, the debtor's cases dealing with untimely filings are not on point.

The debtor attempts to distinguish *Nimz Transportation* upon procedural grounds and a claim of laches. This proceeding has,

from the outset, been treated by the parties as one to determine whether Sentry ever filed a proof of claim, and the debtor's position on procedure is meritless. And on the record before me, I find that Sentry acted with reasonable dispatch once it became informed of the absence of its proof of claim in the clerk's office.

In view of this holding, it is not necessary to address the issue of whether, had no proof of claim been filed by Sentry, the debtor listed Sentry in a sufficient manner and sent proper notice to it to require a filing.[4] *See* Bankruptcy Rule 2002(g); *New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

### V.

For the reasons stated, I conclude that Sentry's proof of claim was received by the court before April 1, 1985, and was timely filed. This conclusion is not a determination that the Sentry claim constitutes an allowed claim.

This Memorandum shall constitute Findings of Fact and Conclusions of Law mandated by Bankruptcy Rule 7052. It is

SO ORDERED.

---

3. *Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900 (2d Cir.1980); *In re Gubelman,* 10 F.2d 926 (2d Cir.1925); *In re Whitten,* 49 B.R. 220 (Bankr.N.D.Ala.1985); *In re Seminole Backhoe Serv., Inc.,* 33 B.R. 914 (Bankr.N.D.Tex.1983); *In re Markey,* 33 B.R. 332 (Bankr.N.D.Ohio 1983); *Levine v. First Nat'l Bank (In re Evanston Motor Co., Inc.),* 26 B.R. 998 (Bankr.N.D.Ill. 1983).

*In re Beattie,* 102 F.Supp. 107 (W.D.Mich. 1951), also cited by the debtor, did involve a proof of claim not located in the clerk's office

and found not filed. However, *Beattie* is distinguishable, as noted in *Nimz Transportation,* as a proceeding in which "the court found that the record established that the ... claim [was] never *in fact* received." 505 F.2d at 179 (emphasis added).

4. The court is not aware of the basis for the debtor's assertion in its post-hearing memorandum that it had "listed Sentry Insurance Company as subrogee of the Haldenwangs on its Amended A-3 Schedule", *see supra* p. 52.