**In the Matter of the OVERLY–HAUTZ CO.**

No. C83–853.

United States District Court, N.D. Ohio, E.D.

April 14, 1987.

Richard A. Baumgart, Dettelback & Sicherman Co., L.P.A., Cleveland, Ohio, for Overly–Hautz Co.

William Neubert, Cleveland, Ohio, for Creditors Committee of Overly–Hautz Co.

## MEMORANDUM AND ORDER

WHITE, District Judge.

In this bankruptcy action the United States appeals the decision of the bankruptcy court disallowing the supplemental proof of claim of the United States against the debtor, Overly–Hautz Company (OHC). The supplemental claim involved a proposed assessment for excise taxes under 26 U.S.C. § 4971(a) and (b) relating to funding deficiencies of the OHC Salaried Employees Pension Plan for the fiscal years ending October 31, 1981, December 31, 1981 and December 31, 1982. A hearing was held in bankruptcy court and the bankruptcy judge based his decision to disallow the supplemental proof of claim on stipulation of facts oral argument and briefs, 57 B.R. 932.

The parties stipulated the following facts. There is a tax dispute concerning the underfunding by OHC of its Salaried Employees Pension Plan for the tax years November 1, 1980 to October 31, 1981; November 1, 1981 to December 31, 1981; and January 1, 1982 to December 31, 1982. The funding deficiency amounted to Seven-ty One Thousand Two Hundred Six Dollars Ninety-eight cents ($71,206.98) for the first tax year, Three Thousand Nine Hundred Seventy Two Dollars and Sixty-two cents ($3,972.62) for the second tax year and Nineteen Thousand Eight Hundred Sixty Dollars and Eighty-five cents ($19,860.85) for the third tax year. The cumulative funding deficiency for the first tax year was Seventy One Thousand Two Hundred Sixty Dollars and Ninety Eight cents ($71,-206.98), for the second tax year, Seventy Five Thousand One Hundred Seventy Nine Dollars and Sixty cents ($75,179.60), and Ninety Five Thousand Forty Dollars and Forty-five cents ($95,040.45) for the third tax year. OHC filed tax Forms 5500–R, Registration Statement of Employee Benefit Plan on August 12, 1982 for each tax year indicating a deficiency for each year. The Company filed a voluntary petition of bankruptcy under Chapter 11 of the Bankruptcy Code on April 28, 1983. The Attorney General of the United States, the Cleveland office of the Internal Revenue Service (IRS) and the United States Attorney for the Northern District of Ohio were on the Bankruptcy Court matrix and had actual knowledge of OHC's bankruptcy petition. On May 13, 1983 the bankruptcy court set a September 19, 1983 deadline for filing proofs of claim. The deadline was indicated in the Court's notice of the meeting of creditors under 11 U.S.C. § 341(a). The IRS received this notice. On August 26, 1983 the IRS filed a proof of claim with the bankruptcy court as to 1980–1983 corporate, withholding and FICA taxes. The IRS did not file a proof of claim prior to the September 19, 1983 filing deadline with respect to the funding deficiencies of the OHC Salaried Employees Pension Plan. On October 13, 1983, OHC filed a Form 5500–C, Return Report of Employee Benefit Plan, with the IRS for the third tax year. This form indicated a funding deficiency for the January 1, 1982 to December 31, 1982 tax year. The cumulative funding deficiency as of the end of the third tax year was Ninety Five Thousand Forty Dollars and Forty-five cents ($95.040.45). On February 15, 1985 the IRS sent a thirty (30) day letter informing OHC of its proposed

assessment for excise taxes under 26 U.S.C. § 4971(a) and (b) because of the funding deficiencies. On June 10, 1985 the IRS filed a proof of claim with the bankruptcy court for the excise taxes. The proof of claim and a letter accompanying it characterized the proof of claim as supplementing the proof of claim filed August 26, 1983. The amount set forth in the August 26, 1983 claim was totally offset against an overpayment of other taxes by OHC. This offset was indicated in a letter dated January 3, 1985. The August 26, 1983 claim related to corporate, withholding and FICA taxes and did not include penalty taxes in relationship to the OHC Salaried Employees' Pension Plan.

The bankruptcy court further found that the IRS letter of January 3, 1985 to the United States Attorney which was filed with the bankruptcy court and sent to the debtor states in part, "Our proof of Claim filed in the proceeding noted above has been closed. You may therefore discontinue further consideration of the claim." The IRS letter of June 10, 1985 states in part, "Our withdrawal letter dated January 3, 1985 was correct. However, the attached proof of claim supplements the original claim, which is paid." The President of OHC filed an affidavit indicating that after the bar date OHC relied on identity and quantity of claims on file in making decisions and assessments concerning sale of various assets. The supplemental claim filed June 10, 1985 sets forth the initial tax imposed under 26 U.S.C. § 4971(a) on the debtor's annual pension plan accumulated funding deficiency. It also includes additional taxes imposed under 26 U.S.C. § 4971(b) for the debtor's failure to timely cure the accumulated deficiency. The amounts have not yet been assessed.

The bankruptcy judge held that the IRS letter of January 3, 1985 to the bankruptcy court along with its letter of June 10, 1985 constituted a withdrawal of its timely proof of claim. The supplemental proof of claim filed after the bar date is untimely and since the original proof of claim was withdrawn it cannot be amended. The bankruptcy court also ruled in favor of the debtor on its alternative arguments.

■ The parties have raised the issue as to the appropriate review of the bankruptcy court's decision by the district court. 28 U.S.C. § 157(b)(1) allows a bankruptcy judge to hear and determine all cases under Title 11 and all core proceedings arising under Title 11 and allows the judge to enter appropriate orders and judgments subject to review under 28 U.S.C. § 158. Core proceedings include matters concerning the administration of the estate. 28 U.S.C. § 157(b)(2)(A). The case at bar involves the validity of a proof of claim which is important to the administration of the estate. The allowance or disallowance of a claim against the estate is defined as a core proceeding by 28 U.S.C. § 157(b)(2)(B).

28 U.S.C. § 158(c) provides that appeals of proceedings referred to in § 157 shall be taken in the same manner as appeals in civil proceedings are generally taken from the district courts. Rule 52(a) requires that findings of fact shall not be set aside unless clearly erroneous. Rule 52 says nothing about the standard of review for conclusions of law. Review of conclusions of law in bankruptcy cases is given a *de novo* standard. *In Re Evans Products Co.,* 60 B.R. 863 (S.D.Fla.1986), *In Re Tenna Corporation,* 53 B.R. 493 (N.D.Ohio 1984), *In Re Osborne,* 42 B.R. 988 (W.D. Wisc.1984). This standard of review will be used in determining the issues raised on appeal by the United States.

■ The first issue raised by the appellant is whether the bankruptcy court erred in finding that the IRS's timely August 26, 1983 proof of claim was withdrawn thereby precluding any further proof of claim after the bar date.

Bankruptcy Rule 3006 provides in part: "A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule". There is no specific form required in order to withdraw a claim. The letter of January 3, 1985 was intended to be a withdrawal. This was confirmed in the June 10, 1985 letter. The president of OHC had notice of the withdrawal of the claim and relied on this in making several business decisions.

The letter of January 3, 1985 was never docketed. Appellant argues that failure to docket the letter requires the conclusion that it was not filed and cannot constitute a withdrawal of proof of claim under Rule 3006.

Filing is accomplished by delivery and receipt by the proper party. *United States v. Lombardo*, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916), *In Re Nimz Transportations, Inc.*, 505 F.2d 177 (7th Cir.1974). Rule 3002(b) provides that filing a proof of claim shall be in accordance with Rule 5005. Rule 3006 is silent as to the procedure needed to withdraw a proof of claim. Rule 5005 provides that proofs of claim and other papers required to be filed by these rules shall be filed with the Clerk of Courts. The judge of the court may permit papers to be filed with him, in which event he must note thereon the filing date and transmit the papers to the Clerk. Rule 5005(b) allows for errors in filing and states:

> A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

Thus filing is deemed complete when received by a bankruptcy judge. Although Rule 5003 requires that the bankruptcy clerk docket all activity in each case filing does not depend on whether the particular material was docketed. In *In Re Kenitra, Inc.*, 53 B.R. 152 (Bankruptcy D.Ore.1985), the Court found that under Rule 5005(b) filing a proof of claim with the judge could reasonably be sufficient to apprise the Court of the existence of the claim. A proof of claim that was mailed to the Clerk and lost with no record of it having been filed was considered filed based on evidence by the attorney that he mailed the proof of claim to the court in *In the Matter of Kero–Sun, Inc.*, 63 B.R. 50 (Bankruptcy D.Conn.1986). Rule 5005(b) contains the word "paper". There is no reason why "paper" should not pertain to withdrawal of a proof of claim as well as to the proof of claim.

The bankruptcy judge found that the Court received the January 3, 1985 letter of withdrawal and considered it filed. He had that authority under Rule 5005(b). Since the proof of claim was withdrawn by the filing of the January 3, 1985 letter and considering the contents of the June 10, 1985 letter and OHC's reliance on withdrawal, it must be concluded that no proof of claim existed that could be amended. See *In Re E.O. Thompson's Sons*, 123 F. 174 (E.D.Pa.1903).

The district court's ruling that the IRS's proof of claim was withdrawn thereby precluding any amendment thereto dispenses with the necessity to determine the alternative issues. The decision of the Bankruptcy Court IS AFFIRMED.

IT IS SO ORDERED.