**L & H COMPANY, INC., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 90 C 3966.**

United States District Court, N.D. Illinois, E.D.

April 17, 1991.

---

Thomas J. Bamonte, Sachnoff & Weaver, Ltd., Chicago, Ill., for plaintiff.

John Brennan, Asst. U.S. Atty., Chicago, Ill., Benjamin R. Norris, Dept. of Justice, Washington, D.C., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BERNARD WEISBERG, United States Magistrate Judge.

This is a suit for a tax refund. Plaintiff L & H Co., Inc. alleges that on March 5, 1984 it mailed to the Internal Revenue Service (IRS) an application for an automatic extension of time to file its corporate income tax return for the taxable year 1983. The IRS claims it never received it. Whether the IRS received it is the only fact at issue here. If L & H's application for an extension was received, its tax return would have been due September 17, 1984. If the application was not received, the tax return would have been due March 15, 1984. The return was filed September 10, 1984.

On May 15, 1987 L & H filed a claim for a tax refund for the taxable year 1980 based upon operating loss and investment credit carrybacks from 1983. Under 26 U.S.C. § 6511(d)(2)(A) such a claim for refund must be made within three years after the time prescribed by law for filing the return. Since the IRS did not acknowledge that L & H had received an extension of time to file its return, it took the position that the 1983 return should have been filed before March 15, 1984 and the refund claim before March 15, 1987. The IRS therefore denied the claim as untimely. The notice of denial dated June 11, 1987 stated that L & H could dispute this determination by bringing suit within two years of the date of the notice.

L & H did not bring suit within two years. Instead, the following year it made another claim for the same refund in a letter dated May 17, 1988. The IRS responded in a letter dated July 13, 1988, denying the claim for the same reason it had been denied the previous year. This second letter, however, did not state that L & H could sue within two years.

L & H filed this suit July 12, 1990, more than two years after the first denial but less than two years after the second. The IRS has moved for summary judgment on two grounds: 1) because L & H sent the application for automatic extension by ordinary mail, rather than certified or registered mail, it cannot show the IRS received it (L & H has a pending motion to compel discovery from the IRS, apparently in an effort to show that the IRS probably lost it); and 2) this suit is barred in any event because not brought within two years of the first letter denying the refund as required by 26 U.S.C. § 6532(a). Jurisdiction is alleged under 28 U.S.C. § 1346(a)(1). The parties have consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c).

The first ground raises an interesting issue of statutory construction. To mail a document to the IRS is not to file it; it is

deemed filed only when received. It is an established rule, however, that a timely and accurate mailing raises a rebuttable presumption that it was received. *In re Nimz Transportation Co., Inc.*, 505 F.2d 177, 179 (7th Cir.1974). The IRS' position is that with respect to filings with the IRS (*Nimz Transportation* involved a claim in bankruptcy) this common law "mailbox rule" was superseded by 26 U.S.C. § 7502.

Section 7502(a)(1) provides that if a return is delivered by the United States mail to the appropriate Internal Revenue Service office after the date prescribed for its filing, the date of the U.S. postmark on the envelope in which the return is mailed is deemed to be the date the return is filed. This establishes the date of filing *if* the mailing is eventually received.

If the IRS denies that it was received, § 7502(c) provides that if the mailing is sent by registered mail, the registration is *prima facie* evidence that the mailing was delivered. The date of registration is treated as the postmark date, and thus the date of filing under § 7502(a)(1). IRS regulations accord the same treatment for a certified mail receipt postmarked by the post office. 26 C.F.R. § 301.7502–1(c)(2).

The IRS claims that this is the *only* way that a taxpayer can establish, in the face of IRS's denial, that something mailed to the IRS was received. According to the IRS, § 7502 supplanted the common law presumption of delivery. If the taxpayer sends his return by ordinary mail, he accepts the risk that it will not be delivered and not filed—and the risk that the IRS may receive it but lose it before creating any record of it.

The question has not been addressed by the Seventh Circuit. Other circuits have reached different results. *Estate of Wood v. Commissioner*, 909 F.2d 1155 (8th Cir. 1990), held the taxpayer entitled to prove, by the testimony of the postmistress who accepted it for mailing, that a return was postmarked on a certain date, even though not sent by registered or certified mail. The court stated, however, that mere proof of *mailing*, which is all that L & H proffers here, would not be enough. There has

to be proof that the return was *postmarked* by the due date. *Id.* at 1161. Although the court accepted the presumption of delivery, the court reasoned that mailing was not enough; the taxpayer had to show a postmark before the due date in order to show that delivery was timely under § 7502(a)(1). Other Courts of Appeals have simply accepted the position the IRS advocates here, that § 7502 supplanted the common law presumption of delivery and only by using certified or registered mail can the taxpayer prove timely delivery. *Surowka v. United States*, 909 F.2d 148 (6th Cir.1990); *Deutsch v. Commissioner*, 599 F.2d 44 (2d Cir.1979).

L & H offers only evidence of mailing—and indirect evidence at that, since it appears not to know which of its employees actually mailed the application. If L & H is to avoid summary judgment, the court would have to go beyond the holding of the Eighth Circuit in *Estate of Wood* and hold that there is a presumption not only that items deposited in the mail are delivered, but that they are delivered in a timely fashion. In other words, if it can be shown that a return was mailed X number of days before the deadline, there would be a rebuttable presumption that it was timely filed.

The language of § 7502 does not exclude this result, and at least one court has held that strong independent evidence of mailing may be sufficient. *Lee Brick and Tile Co., Inc. v. United States*, 132 F.R.D. 414, 418–20 (M.D.N.C.1990). As *Estate of Wood* pointed out, Congress is presumed to have known of the common law presumption of delivery. Since the statute is consistent with the presumption, the court should abrogate the presumption only if it is clear that Congress so intended. The court could not find such an intent in the legislative history. *Estate of Wood*, 909 F.2d at 1160.

Perhaps for policy reasons, see *id.* at n. 9, the court did not carry its reasoning to its logical conclusion—that proof of timely mailing, not just a timely postmark, should raise the presumption. The court, of course, was correct that without proof of a postmark the taxpayer may not use

§ 7502(a) to establish timeliness, since the date of receipt is deemed to be the date of the postmark. But the operative fact is still the receipt of the document; under § 7502(a)(1) the postmark date is deemed to be the filing date only for documents received *after* the deadline. If a document is received through the mail without a postmark before the deadline the IRS could not treat it as unfiled. If we agree with *Estate of Wood* that after the enactment of § 7502 the presumption of delivery continues to apply to mailings to the IRS, then a taxpayer who can show that in the ordinary course his mailing would have been delivered *before* the deadline has no need for § 7502 at all. It is thus difficult to accept the court's conclusion that evidence of mailing cannot be used to establish timely receipt by way of the presumption of delivery.

We need not decide this issue, since even if L & H can show an issue of material fact as to whether its application for an extension was received, it stumbles at the second hurdle. L & H does not dispute that on June 11, 1987, more than two years before this suit was filed, the IRS notified it by certified mail that its claim had been disallowed. U.S. Statement of Facts ¶ 6.[1] 26 U.S.C. § 6532(a)(1) provides that a suit for a refund must be brought within two years of the date of mailing of a notice of disallowance of the claim and 26 U.S.C. § 6532(a)(4) provides that "[a]ny consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun."

L & H relies on decisions permitting suit after the expiration of the limitations period, but we find them inapplicable. In *Southeast Bank of Orlando v. United States*, 676 F.2d 660, 230 Ct.Cl. 277 (1982), after the IRS had denied a claim for a tax refund the taxpayer filed a second claim for the same taxable year asserting a different theory. The IRS denied the second claim, noting that it had previously denied a claim "relating to the same issue and overpayment of the same tax." The second rejection, like the first, stated that the taxpayer had two years from the date of the letter to bring suit.

The taxpayer brought suit within two years after the second denial but more than two years after the first, asserting both legal theories the IRS had rejected. The court held that it had jurisdiction to consider the claim rejected in the first denial, even though more than two years had lapsed, because the IRS's reference to the "same issue" could reasonably be interpreted as a reconsideration and second rejection of the first claim as well as a rejection of the second one.

The court held that § 6532(a)(4) precludes extending the limitations period only for *informal* reconsideration, and when a second notice creates sufficient uncertainty so that the claimant reasonably believes that the statute of limitations is to begin running from the date of the second notice, the IRS is estopped from relying on the statute of limitations. *Id.* at 663–664. The court also pointed to the statement in the second denial notice that the taxpayer had two years to bring suit as constituting a written agreement to extend the deadline as permitted by § 6532(a)(2). *Id.* at 665.

The situation here is quite different. The second notice of denial here was in response to a letter dated May 17, 1988 from Alan L. Shulman, L & H's Assistant Secretary and Controller, enclosing another copy of the earlier refund request. Shulman Aff.Exh. H. Shulman's letter stated that L & H had filed a refund claim and asked why it had not received the refund, without mentioning the earlier denial. It cannot be reasonably construed as a request for reconsideration or the presentation of another legal theory.

Nor can the IRS's reply of July 13, 1988, *id.* Exh. I, by any stretch be viewed as a reconsideration. The letter appears to

---

1. L & H did not dispute the United States' statement of facts, instead filing its own "Local Rule 12 Counterstatement of Facts." The factual allegations of the government's statement of facts are therefore deemed admitted under Local Rule 12(n).

treat the May 17, 1988 letter (which it states the IRS received on April 15, 1988) as a new claim. It is a form letter, and simply recites the rule that a claim for credit or refund cannot be allowed if the claim is filed more than three years after the end of the tax year for which the carryback resulted. There was no mention of a period for bringing suit.

On July 18, 1988 Shulman wrote again, this time enclosing a copy of the extension application and explaining that the May 15, 1987 claim was within the time limit. Shulman Aff.Exh. J. While this *could* be considered a request for reconsideration, there is no evidence that the IRS ever stated that it was reconsidering the denial or stated that the limitations period had started running at any time later than June 11, 1987. There was no statement upon which L & H could rely to restart the clock. It continued to run, and the time for bringing suit expired June 11, 1989.

The other cases cited by L & H do not help it. In *Haber v. United States*, 831 F.2d 1051 (Fed.Cir.1987), the taxpayer received a second notice of denial containing a statement that the taxpayer could bring suit within two years, and the IRS had orally represented to the taxpayer that the first notice of denial had been withdrawn. Neither of those things happened here.

In *Miller v. United States*, 500 F.2d 1007 (2d Cir.1974), the taxpayers had waived a formal notice of disallowance, which under 26 U.S.C. § 6532(a)(3) begins the running of the two year limitations period. However, eighteen months later the IRS inadvertently sent them a formal notice of disallowance stating that they had two years from the date of the notice to bring suit. They filed suit more than two years after their waiver, but less than two years after the notice. The court held that the notice of disallowance started a new limitations period running. It distinguished cases holding that a taxpayer cannot extend the limitations period by filing successive claims, pointing out that the taxpayers had not filed a second claim, but the IRS had acted unilaterally. The court also held that the government was estopped by the state-

ment that the taxpayers had two years from the date of the notice to bring suit. *Id.* at 1010. These two determining facts—unilateral action by the IRS and a statement that the taxpayer had two years from the date of the letter to bring suit—are absent here.

Resubmitting a rejected claim does not give a taxpayer a new limitations period in which to file suit. *Stratmore v. United States*, 463 F.2d 1195 (3d Cir.1972); *18th Street Leader Stores v. United States*, 142 F.2d 113, 115 (7th Cir.1944). Although L & H states that it discussed its refund request with an IRS agent in 1989, Shulman Aff. ¶ 36, at the most this suggests the sort of informal reconsideration that does not affect the limitations period. We conclude that the two year limitations period of 26 U.S.C. § 6532(a) bars this suit. Summary judgment will be entered in favor of the United States dismissing this action. L & H's motion to compel is denied.