In re **NORTHEASTERN OHIO GENERAL HOSPITAL ASSOCIATION, Debtor.**

**Bankruptcy No. B89–01075.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

April 24, 1991.

**514**

Richard L. Phillips, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for plaintiff.

G. Christopher Meyer, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

In this Chapter 11 case of Northeastern Ohio General Hospital Association (NEOGH), the Trustee, William E. Schonberg, objects to the claim of Ohio Hospital Association (OHA) who responds thereto. Jurisdiction of this core proceeding is authorized by Sections 1334 and 157(b)(2)(B) of Title 28 of the United States Bankruptcy Code.

The parties submitted the matter on stipulations and briefs. Stipulations are as follows:—

"1. The OHA claim, No. 366, is in the amount of $140,755.26 as of August 31, 1990. Of that total, the OHA claims $65,-266.20 as a general unsecured claim, and $75,486.06 as a first priority claim for administrative expenses. The OHA claim reserves the right to assert additional priority amounts, up to $15,692.00, as asserted therein.

2. The Debtor terminated its business on November 30, 1988. Except for thirteen administrative and maintenance employees retained for administrative and maintenance work, all its employees were terminated on or before November 30, 1988. The Debtor had four employees remaining on its payroll at March 21, 1989, the date of its Chapter 11 filing, two of whom left employment within a few months thereafter.

3. The OHA claim reflects charges for unemployment compensation payments made pursuant to Chapter 4141, Ohio Revised Code, by the Ohio Bureau of Employment Services ("OBES") to unemployed individuals who had been employed by the Debtor prior to termination of its business. The OHA $65,266.20 general unsecured claim reflects charges by the OBES for unemployment compensation payments made to such former employees during the period January, 1989 through March 21, 1989. The OHA $75,486.06 administrative expense claim reflects charges by the OBES for unemployment compensation payments made to such former employees during the period commencing March 22, 1989 through August 31, 1990.

4. At March 21, 1989, the Debtor and OHA were parties to a certain Agreement, dated December 27, 1971, a copy of which is attached as Exhibit A to supporting memoranda filed by OHA and the Trustee in this matter.

5. The OHA Proof of Claim was timely filed on July 26, 1989.

6. While in operation, the Debtor was a non-profit hospital subject to the Ohio unemployment compensation laws, Chapter 4141, Ohio Revised Code, and had effected on election under O.R.C. 4141.241(A)(1)." The Court adopts the stipulations, and upon consideration of Exhibit A, Debtor's "Agreement to participate in The Ohio Association Statewide Group Unemployment Compensation Program", further finds:—

7. OHA acted as agent and conduit for payment of Debtor's quarterly billings to the Ohio Bureau of Employment Services. Pursuant to the agreement, payment of the billings remained the primary obligation of NEOGH. (Exh A, Para 4 (page 1) and Para (4) page (2)).

Section 503 of the United States Bankruptcy Code provides for allowance of administrative expenses. 11 U.S.C. § 503. Pursuant to subsection (b) thereof, administrative expenses include:—

"any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title ..."

11 U.S.C. § 503(b)(1)(B)(i)

Taxes which are administrative expenses are entitled to priority payment. 11 U.S.C. § 507(a)(1). The issue, therefore, is the status of NEOGH's post-petition unemployment compensation charges under Section 503. OHA asserts post-petition charges of $75,486.06 plus any additional charges are administrative expenses, while the $65,266.20 pre-petition charges are a general unsecured claim. Trustee maintains the total amount claimed is general unsecured debt. The specific issue is whether the post-petition charges are taxes "incurred by the estate". It is undisputed the entire amount is a tax obligation within the meaning of the Bankruptcy Code.

■ Taxes incurred by the estate are administrative expenses pursuant to Section 503(b)(1)(B)(i). Because the estate does not exist pre-petition, priority treatment is limited to taxes incurred post-petition. *United States v. Friendship College, Inc.,* 737 F.2d 430 (4th Cir.1984). This section has been interpreted to preclude administrative claim status for taxes not incurred in post-petition operation of a debtor's business. *In re O.P.M. Leasing Services, Inc.,* 68 B.R. 979 (Bankr.S.D.N.Y. 1987); *In re Westholt Manufacturing Inc.,* 20 B.R. 368 (Bankr.D.Kan 1982), aff'd 36 B.R. 932 (S.D.Kan.1984). For purposes of administrative expense allowance, a tax claim is incurred on the date it accrues rather than the date it is assessed or becomes payable. *In re Overly–Hautz Co.,* 57 B.R. 932 (Bankr.N.D.Ohio 1986) aff'd on other grounds 81 B.R. 434 (1987). Accord *In re Wheeling–Pittsburgh Steel Corp.,* 103 B.R. 672 (W.D.Pa 1989), *In re Scrap Disposal, Inc.,* 24 B.R. 178 (Bankr.S.D.Calif 1982) aff'd 38 B.R. 765 (9th Cir. BAP 1984).

■ Chapter 4141 of the Ohio Revised Code establishes the policy and laws of the State regarding unemployment compensation. Ohio Rev.Code §§ 4141.01 et seq. Pursuant to its provisions employers are required to fund the cost of providing unemployment benefits to their former employees. See Ohio Rev.Code §§ 4141.09, 4141.24, 4141.241, 4141.25, 4141.28. The right to unemployment compensation for eligible individuals arises upon involuntary total or partial unemployment. Ohio Rev. Code § 4141.29. Benefits payable are based on an employee's average weekly wage. No benefits are paid except upon application. Ohio Rev.Code § 4141.29. Employers are required to make periodic contributions to the state unemployment compensation fund by Section 4141.25. A non-profit organization may, however, elect to make payments in lieu of contributions. Ohio Revised Code § 4141.241. Debtor opted for payments. As a reimbursing employer, pursuant to Section 4141.241, it was required to make periodic payments equal to "the full amount of regular benefits paid plus one half of the amount of extended benefits paid" during such period attributable to service in its employ. Ohio Rev.Code § 4141.241(B). OHA argues the unemployment compensation charges of a reimbursing employer are measured on the basis of actual payment of benefits. The payments which triggered liability occurred post-petition, therefore, OHA alleges the charges were incurred by the estate. Trustee states the tax accrued on the date employees were terminated and the charges were, therefore, incurred pre-petition.

On consideration the OHA claim is not entitled to administrative expense status. Events upon which the tax is based occurred entirely pre-petition. The employees and Debtor's business operations were terminated prior to the Chapter 11 filing. Moreover, Debtor had no post-petition business operations. Pursuant to Ohio statute, the tax liability accrued predicated on these pre-petition events. The mere fact the amount of tax due could not be determined or the amounts were not payable until post-petition does not elevate the charges to priority status. These charges were clearly not incurred by the estate as mandated by Section 503(b)(1)(B)(i).

■ Trustee also argues OHA has no authority to assert the State's claim for unemployment compensation charges. This objection is without merit. As previously discussed, the claim is not accorded administrative expense priority. Section 507(d), therefore, prohibits any priority

**516**

treatment. 11 U.S.C. § 507(d). OHA is, however, entitled to subrogation as a general unsecured claimant. Subrogation is the substitution of one for another with reference to a legal claim or right. See generally 18 Ohio Jur.3d, §§ 2, 57–82 (1980). "As a general rule, subrogation applies where a party not acting voluntarily, but under some compulsion pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter." *First National City Bank v. United States*, 548 F.2d 928, 936, 212 Ct.Cl. 357 (1977). Debtor was primarily liable for the charges in question pursuant to Ohio law and the parties' agreement. To protect its interests and prevent termination of the OHA program pursuant to terms of the Ohio Administrative Code, OHA paid the Debtor's unemployment compensation obligations. Ohio Admin.Code § 4141–37–11(E). OHA, therefore, is entitled to succeed to the State's rights by subrogation.

### JUDGMENT

A Memorandum of Opinion and Decision having been rendered by the Court in this proceeding,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Trustee's objection to claim is sustained in part. Claim Number 366 filed by Ohio Hospital Association in the amount of $140,755.26 as of August 31, 1990 is allowed as a general unsecured claim.