United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10222
Summary Calendar

_____

In The Matter Of:  KITTY HAWK, INC.,

Debtor.

_____

GENERAL MOTORS CORPORATION,

Appellant,

versus

KITTY HAWK, INC.,

Appellee,

_____

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
No. 4:05-CV-42

_____

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

General Motors Corporation ("GM") appeals the district
court's dismissal of its appeal from the bankruptcy court.  Because
GM's appeal was untimely, the district court correctly determined
that it lacked appellate jurisdiction over GM's appeal, and
properly dismissed the case.  We AFFIRM.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

## I.    BACKGROUND

This case arises out of a post-confirmation contested matter adjudicated in the Bankruptcy Court. GM filed a post-confirmation third-party indemnity claim against Kitty Hawk in Michigan state court. Kitty Hawk responded by filing a motion to enforce the confirmation order and a motion to show cause why GM should not be held in contempt ("Motion to Enforce Confirmation Order"). On the court's suggestion, Kitty Hawk and GM entered into an Agreed Order on Kitty Hawk's Motion to Enforce Confirmation Order. As part of the Agreed Order (entered March 15, 2004), GM was to dismiss the matter and instead file its late administrative expense claim in the Bankruptcy Court. Upon confirmation of GM's dismissal of the state court matter, Kitty Hawk was to dismiss its Motion to Enforce Confirmation Order.

Although GM dismissed the Michigan claims pursuant to the agreed resolution, it did not file its expense claim in the Bankruptcy Court. To resolve the matter, on September 1, 2004, Kitty Hawk filed a motion to determine that GM did not have an administrative expense claim against debtors. On November 9, 2004, the Bankruptcy Court granted the motion and denied GM's late claim; the Court's Order was entered by the clerk on November 10, 2004.

Pursuant to Bankruptcy Rule 8002(a), the deadline to appeal the November 9 Order was November 22, 2004. On November 23, 2004, GM filed a notice of appeal of the Bankruptcy Court's

2

November 9 Order. GM did not file a motion requesting that the deadline to file its notice of appeal be extended. Kitty Hawk moved to dismiss GM's appeal because it was not filed timely. On August 25, 2005, the District Court granted Kitty Hawk's Motion to Dismiss and entered a Final Judgment dismissing GM's appeal with prejudice. GM subsequently filed a motion for reconsideration, which the District Court denied.

GM acknowledges that it appealed the Bankruptcy Court's November 9 Order pursuant to the provisions applicable to final judgments. However, due to the untimeliness of its appeal, GM now performs an about-face. GM now contends that its appeal was not late, but rather premature, because the November 9 Order was in fact interlocutory. As a result, GM argues, its notice did not ripen until the Bankruptcy Court's January 24, 2005, final Order closing the bankruptcy case. To decide whether GM's argument has merit, we must determine whether the Bankruptcy Court's November 9 Order was final or interlocutory.

## II. DISCUSSION

Unwilling to concede the untimeliness of its appeal, GM contends that, because Kitty Hawk did not dismiss the Motion to Enforce Confirmation Order, the November 9 Order adjudicating its administrative expense claim remained interlocutory. As noted supra, after GM filed a third-party claim for "indemnity" against Kitty Hawk in Michigan, Kitty Hawk filed its Motion to Enforce

3

Confirmation Order. The Bankruptcy Court then entered an Agreed Order under which GM was to dismiss certain third-party claims (which would purge it of contempt), and upon confirmation of the dismissal, Kitty Hawk would in turn dismiss its Motion to Enforce Confirmation Order (which was based on the improper pursuit of the Michigan claims). As a separate matter, to pursue the late indemnity claim, GM was to file a motion to allow a late filed administrative expense claim in the Bankruptcy Court, which Kitty Hawk would oppose. When GM failed to file its motion, in order to resolve the viability of GM's purportedly outstanding claim, Kitty Hawk filed a motion to deny GM's claim, which the Bankruptcy Court granted in the November 9 Order.

GM now claims that the Motion to Enforce Confirmation Order (to stop GM from improperly pursuing its purported claim in Michigan state court, which was resolved by the Agreed Order) and the Motion to Deny GM's Claim (to dispose of GM's purported late claim, which was resolved by the November 9 Order) were two overlapping, pending motions that comprised one judicial unit. Therefore, GM argues that the November 9 Order was not final until the bankruptcy case was formally closed by the Bankruptcy Court's January 24, 2005, Order.

This court "has long rejected adoption of a rigid rule that a bankruptcy case can only be appealed as a 'single judicial unit' at the end of the entire bankruptcy proceeding." Bartee v. Tara Colony Homeowners Assoc. (In re Bartee), 212 F.3d 277, 282

4

(5th Cir. 2000) (citations omitted).  Rather, under a flexible rule of finality, "[a]n Order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of [28 U.S.C. § 158]."  <u>Orix Credit Alliance, Inc. v. Heard Family Trucking, Inc.</u> (<u>In re Heard Family Trucking, Inc.</u>), 41 F.3d 1027, 1029 (5th Cir. 1995).  In other words, the bankruptcy system favors the appeal of discrete orders, and appeal of final adjudication of issues does not await the closing of the estate.

In the instant case, the two motions (Motion to Enforce Confirmation Order and Motion to Deny GM's Claim) on their faces addressed separate matters, and each motion was fully adjudicated by a separate order.  On the one hand, Kitty Hawk's nonpursuit of its Motion to Enforce Confirmation Order was tied to GM's dismissal of its third-party claims in Michigan.  That is, the Motion to Enforce Confirmation Order was to stop the improper proceeding outside the Bankruptcy Court.  On the other hand, resolution of the viability of GM's late administrative claim was a separate issue that was to be triggered by GM filing a motion to allow its late claim.

Because GM did not file the motion, Kitty Hawk was forced to file a motion to deny GM's purported late claim.  That GM forced Kitty Hawk to file a motion to dispose of GM's claim does not transform that issue into part of the resolved matter that stopped the improper state court proceedings.  The discrete issue before

5

the Bankruptcy Court was whether GM had a valid, late administrative claim. The granting of the Motion to Deny GM's Claim and denial of any late administrative claim in the November 9 Order resolved the only purported rights of GM before the Bankruptcy Court. Additionally, "[t]he character of the bankruptcy court's order demonstrates that the court was aware that policy and practicality counseled against retaining jurisdiction over the case." In re Bartee, 212 F.3d at 283. The bankruptcy court's order "conclusively determined the substantive rights at issue and ended the dispute." Id. Additionally, "[t]he record does not contain any indication that the bankruptcy court intended to take any further action on" GM's late administrative claim. See id. Finally, as noted supra, GM knew that the Order was final, and appealed it as such.[1] However, in its attempt to appeal, GM simply missed the deadline.

The Bankruptcy Court's November 9 Order concluded the discrete judicial unit relating to GM's late filing of an administrative expense claim and was a final and appealable

---

[1] Such an order that disposes of a party's claim or exemption is a discrete, appealable final order. See Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002) ("[A] Bankruptcy Court order which disallows a claim constitutes a final order which is appealable to both the district and the Court of Appeals."); Canfield v. Orso (In re Orso), 283 F.3d 686, 690 (5th Cir. 2002) (a bankruptcy court's denial of an objection to a debtor's claim of exemption is a final order, subject to immediate appeal); Midland Cent. Appraisal Dist. v. Midland Indus. Serv. Corp. (In re Midland Indus. Serv. Corp.), 35 F.3d 164, 165 (5th Cir. 1994) (local taxing authority appealed from bankruptcy court order denying administrative expense claim for taxes); England v. FDIC (In re England), 975 F.2d 1168, 1172 (5th Cir. 1992) ("Order which grants or denies an exemption will be deemed a final order for the purposes of 28 U.S.C. § 158(d).").

judgment.    Thus, because GM's appeal was untimely, the district court correctly determined that it lacked appellate jurisdiction over GM's appeal, and properly dismissed the case.

### III.  CONCLUSION

For the reasons stated above, the district court's dismissal of GM's appeal is **AFFIRMED.**